*In re* BRIGGS.

BRIGGS *v.* CASS CIRCUIT JUDGE.

1. CONTEMPT — JURISDICTION OF EQUITY — INJUNCTION — STATUTES — MICHIGAN RAILROAD COMMISSION — EXERCISE OF AUTHORITY OVER TELEPHONE CORPORATIONS.

In equity proceedings to review an order of the Michigan railroad commission denying to a telephone patron relief against the telephone company, the court was without jurisdiction to issue an injunction at the time of the final determination of the case, restraining the telephone company from refusing service to complainant and other subscribers. Under Act No. 138, Pub. Acts 1911 (3 How. Stat. [2d Ed.] § 7222 *et seq.*), the circuit court was not exercising a general equitable jurisdiction, and could only proceed strictly in accordance with its statutory authority, and the order of the commission must be treated as valid and reasonable until complainant established the contrary by clear and satisfactory evidence.

2. SAME — PRESERVING STATUS.

The court of chancery has no power to preserve the *status quo* pending the suit unless to sustain the action of the commission: the order should not embrace subjects not included by the issues in the suit.

3. SAME—TELEGRAPHS AND TELEPHONES—EQUITY.

In cases based on special statutory jurisdiction, courts of
equity must be considered as courts of special and limited
jurisdiction and no presumption as in suits in equity or
actions at law is indulged in favor of jurisdiction: all the
necessary facts to confer it must be made to appear.

4. SAME—VOID DECREE—PUNISHMENT FOR DISOBEDIENCE.

Since the order was void, disobedience of its provisions
could not be punished as a contempt of court.[1]

Certiorari to Cass; Des Voignes, J. Submitted
June 6, 1913. (Docket No. 46.) Decided December
20, 1913.

Contempt proceedings against Marion W. Briggs
and others for disobedience of an injunction in a suit
brought by William L. Jones against the Michigan
railroad commission. The Cass County Home Tele-
phone Company was allowed to intervene as a party
defendant. Marion W. Briggs and Charles E. Sweet
bring certiorari from an order adjudging them guilty
of contempt. Reversed.

*Alfred J. Mills,* for appellants.

*Thomas J. Cavanaugh,* for appellee.

STONE, J. This is a proceeding in certiorari to
review the proceedings of the circuit judge, wherein
he found relators and appellants guilty of contempt
of court.

The Cass County Home Telephone Company is a
corporation doing business in Cass and Van Buren
counties, with a telephone exchange at the village of
Cassopolis. William L. Jones was one of the sub-
scribers, a patron of the company, and had a tele-
phone. About January 30, 1912, his telephone was
disconnected and service discontinued. In March,
1912, he made complaint to the Michigan railroad
commission, charging the company with discrimina-

---

[1] The question of disobedience of void order as contempt is
treated in a note in 16 L. R. A. (N. S.) 1063.

tion in refusing to give him telephone exchange service, and praying it to declare as unreasonable certain of its regulations embodied in a discount contract which it required him to sign as a condition to renewal of service to him. An issue was made and a hearing had before the commission. It rendered its decision in June, 1912. Mr. Jones, being dissatisfied with the decision of the commission, filed a bill of complaint in the circuit court for the county of Cass, in chancery, as complainant, against the Michigan railroad commission as defendant, in accordance with section 12 of Act No. 138 of the Public Acts of 1911 (3 How. Stat. [2d Ed.] § 7233). The telephone company was permitted by the court to intervene as a defendant, and filed its answer. The hearing was begun in open court upon this issue. January 8, 1913, the court made an order reading in part as follows:

"It further appearing to the court that there are some 300 noncontract subscribers of the said company's Cassopolis telephone exchange, and some 300 contract subscribers thereof, and that some of the stockholders of said company are also subscribers of the said exchange; it further appearing to the court that the question of telephone rates and rental at said exchange and rules and regulations for telephone service at said exchange are now pending in a suit entitled *Grenville L. Smith et al.* v. *The Cass County Home Telephone Company,* before the Michigan railroad commission; it further appearing to the court that said Cass County Home Telephone Company has cut off the telephone service of some of the subscribers of its said exchange since they have testified in said cause, and said company has refused to restore them service, and that said company has also cut off certain others of its said telephone patrons and subscribers at its Cassopolis exchange, and threatens to deny all noncontract subscribers aforesaid telephone service, and refuses to continue them as subscribers; it further appearing to the court that under the exigencies of this case and preservation of the public

interest in the continuation of telephone service at said exchange and the protection of said company's stockholders, and of said subscribers and of complainant's interest therein, and of business and of property interests connected therewith, that all of said company's subscribers are entitled to telephone service, and should not be disconnected, and the service should be restored as formerly and continued as heretofore until the said decision of the Michigan railroad commission shall be rendered in said matter now pending:

"Now, therefore, on motion of Clarence M. Lyle, solicitor for said complainant, it is ordered, adjudged and decreed, and the court doth order, adjudge and decree, as follows: (1) That said Cass County Home Telephone Company forthwith restore telephone service to all of its Cassopolis subscribers of its telephone service at its telephone exchange situated at Cassopolis, Mich., and all other of its former said subscribers who desire it; (2) that said defendant, the Cass County Home Telephone Company, forthwith furnish and give to said William L. Jones telephone service the same as he received the same prior to disconnecting his telephone lines to its exchange on, to wit, January 30, 1912, and restore him as a subscriber in all respects; (3) that said Cass County Home Telephone Company forthwith connect and restore service to all of its subscribers who have been disconnected by it and their telephone service at its Cassopolis telephone exchange denied them, and that said Cass County Home Telephone Company from henceforth furnish and give telephone service to all of the subscribers of the telephone service of said company exchange situated at Cassopolis, and all others connected therewith, and all former subscribers who desire said service, and that said telephone service be continued continuously in all respects as in the past until the decision shall be rendered by the Michigan railroad commission in said suits pending, entitled *Grenville L. Smith et al.* v. *The Cass County Home Telephone Company;* (4) that said telephone service be restored and furnished and continued as aforesaid to complainant, William L. Jones, and all other subscribers, upon the same rates, terms, and conditions as heretofore; (5) that said, subscribers,

each and all, shall pay their telephone rentals and rates for said telephone service on or before the 15th day of the first month of each three months in advance, beginning with the month of January, 1913, and continue until the said Michigan railroad commission shall have rendered their decision upon the matters and all things involved therein, and in the said matter pending before them of *Grenville L. Smith et al.* v. *The Cass County Home Telephone Company.*

"This order is only temporary in character, to preserve the rights of said parties *in statu quo,* and without prejudice, until such time as the Michigan railroad commission of the State of Michigan shall have passed upon all of the matters and things complained of in the complaints of William L. Jones, and also of *Grenville L. Smith et al.* v. *The Cass County Home Telephone Company.*"

On January 8, 1913, a certified copy of this order was served upon a young lady then in charge of the Cassopolis exchange, and on M. W. Briggs, who was acting as general manager for the telephone company. On that day the telephone company filed its claim of appeal from said order, and caused notice thereof to be served on the solicitors for the complainant, but made no application for a modification of the order. On January 14, 1913, Mr. Jones filed a petition to which was attached the affidavit of James G. Bonine, in the chancery cause, in which he prayed an order requiring the Cass County Home Telephone Company, its board of directors, managers and officers, to show cause why it and they should not de decreed to be in contempt and be punished for their failure to comply with said order. The petition, in substance, averred the entry of the decretal order, a demand by William L. Jones upon the local manager for compliance therewith so far as he was concerned, and his refusal to do so unless Mr. Jones would consent to sign a so-called discount contract. It is also alleged in the petition that the company had refused

to restore service to certain others of its subscribers who are named therein. The petition alleged that the telephone company—

"Ignores the order of this court, and does not intend to comply with the terms and conditions therein, * * * that the conduct of the said telephone company in this regard is wilful, against the orderly administration of justice, and injurious to the property rights of your petitioner and numerous other subscribers."

One of the statements in the affidavit of James G. Bonine is that on January 12, 1913, Charles E. Sweet, solicitor for said defendant company, told him:

"We don't care anything more about that order than if you had made it."

Upon the filing of the petition, the court entered an order requiring:

"The Cass County Home Telephone Company and its board of directors, to wit, C. L. Fowle, Chas. E. Sweet, L. L. Lawrence, M. W. Briggs, W. F. Hoyt, Chas. Heddon, W. H. Dayton, Eugene Gilbert, and Henry C. Walker, and it and each of them and all of them appear before this court and show cause, on the 17th day of January, 1913, at the hour of 10 o'clock in the forenoon, why it and each and all of them should not be adjudged guilty of contempt of this court, and be fined and punished therefor in and for failure and refusal to comply with the terms and conditions and requirements of said order, as set forth in said order."

The parties appeared before the court, and filed an answer. Charles E. Sweet filed a special answer under oath, in which he denied some of the statements contained in the affidavit of James G. Bonine. He also demanded therein that interrogatories be filed in accordance with what he claimed the law and practice required. The court ruled that the alleged contempt was, if committed, a criminal contempt, and that the filing of interrogatories could not be re-

178 MICH.—3.

quired. The hearing proceeded, witnesses were
sworn, and the respondent filed a written opinion, af-
ter which an order was made imposing a fine of $100
on each of the relators and appellants. It is that order
which is sought to be reviewed here.

Among the errors relied upon by the relators and
appellants are the following:

"The court had no jurisdiction to make or enter
the decretal order of January 8, 1913, and same was
not lawfully made.

"Relators were not bound or required, as matter of
law, to render obedience to said decretal order.

"They could not lawfully be adjudged guilty of
contempt for disobedience thereof."

Neither the validity of the statute involved, nor
the right of the circuit court, in chancery, to enter-
tain the bill of complaint filed by Mr. Jones has been
raised or discussed by counsel, and neither of these
questions is here considered.

We are of opinion that the court below had no jur-
isdiction, or power to make the order of January 8,
1913. The jurisdiction of the circuit court, in chan-
cery, in the instant case was strictly statutory, and it
was not exercising its general equity jurisdiction, as
in ordinary chancery cases. By the provisions of sec-
tion 12 of Act No. 138, Public Acts of 1911 (3 How.
Stat. [2d Ed.] § 7233), William L. Jones, being dis-
satisfied with the order of the railroad commission,
had the right to commence an action in the circuit
court, in chancery, against the commission as defend-
ant, to vacate and set aside such order as unreason-
able, and on leave of the court the Cass County Home
Telephone Company might intervene as a defendant,
as it did. Clearly, there is no general equity juris-
diction in the circuit court, in chancery, to declare an
order of a commission or body unreasonable. The
entire proceeding in the circuit court, in chancery,

was statutory, and the court was not acting in the exercise of its general equitable jurisdiction.

By the provisions of section 16 of the act the order of the railroad commission was *prima facie* lawful and reasonable, and should have been continued in force pending the chancery suit, and the burden of proof was upon the complainant in that suit to show by clear and satisfactory evidence, that the order of the commission complained of was unreasonable. *Michigan Central R. Co.* v. *Railroad Commission,* 160 Mich. 355 (125 N. W. 549).

Construing sections 12 and 14 together (it appear-ing that original evidence, in addition to and different from the transcript of evidence offered to the commission, was introduced upon the hearing in the chancery case) it was the duty of the court below, before proceeding to render any judgment or decree, to transmit a copy of such evidence to the commission, and to stay further proceedings in said action for 15 days from the date of such transmission. The record shows that this was not waived, and the return of the respondent states that there was transmitted to the railroad commission a transcript of the testimony taken before the court, but that this was not transmitted until after the entry of the order of January 8th. It is evident, therefore, that respondent deemed it necessary to transmit such new testi-mony.

Section 13 of the act provides that no injunction shall issue suspending or staying the order of the commission, except upon application to the court, or to the judge thereof; notice to the commission having been had therefor.

It appears by this record that the hearing was concluded on January 7th, and the order which it is claimed was violated was made and entered January 8th. The order was in the nature of an injunction, among other things, suspending and staying the order

of the commission, and was granted without proper application and notice. Upon that subject respondent returns that:

"Said order was justified and authorized by the facts appearing in said cause and was made for the purpose of staying any and all proceedings in said cause, and keeping them *in statu quo,* as well as causing the said Cass County Home Mutual Company and its officers to reconnect and furnish service to the said William L. Jones, and others of its telephone subscribers, during the pendency of the proceedings initiated before the State railroad commission, and then pending in the circuit court for the county of Cass."

An examination of the order of the court shows that it embraced subjects and matters not covered by the issues in the chancery cause. The court had no power to preserve the *status quo* pending the suit unless to sustain the action of the commission. *Fletcher Paper Co.* v. *Railway Co.,* 175 Mich. 234 (141 N. W. 613).

This was a special statutory proceeding. It is well settled in this State that the circuit courts, in chancery, though in ordinary cases of equity cognizance courts of general jurisdiction, must, as to such special proceedings, be considered as courts of special and limited jurisdiction, and no presumption of jurisdiction should be indulged, as in suits at common law, or ordinary suits in equity, in courts of general jurisdiction. All the necessary facts to confer jurisdiction must therefore affirmatively appear upon the record.

The doctrine is well stated in Brown on Jurisdiction, at page 17, in the following language:

"If a court or tribunal pronounces a judgment it has no authority to grant, or one outside of the issues made and before the court for determination, then such judgment in excess of the power conferred is void as to such excess of its powers."

This subject is fully discussed, and the Michigan and other authorities collected and quoted from, in the recent case of *Maslen* v. *Anderson*, 163 Mich. 477, at pages 481, 482, 483 (128 N. W. 723). See, also, *Fletcher Paper Co.* v. *Railway Co.*, *supra;* *People, ex rel. Brewer*, v. *Kidd*, 23 Mich. 440; 22 Cyc. p. 1009.

The order being void, disobedience thereof is not punishable.

A clear distinction is made in the authorities between an erroneous order and a void order. It is only of the latter class we are here speaking. The judgment of the circuit court is reversed, and relators and appellants discharged, but without costs.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.