## ANTONI SALVUCA, Sometimes Called Antony Salvucci,

### *vs.*

## RYAN & REILLY COMPANY, A Body Corporate.

*Workmen's Compensation Act: when employers exempt; burden of proof.*

In a suit under the Workmen's Compensation Act (Chapter 800 of the Acts of 1914), the burden of proof is on the defendant to show that he has complied with the law, so as to be entitled to the exceptions contained in the Act.          p. 239

For the employer to take for defence the fact that he has complied with all the provisions of the law which operate as an exemption from its application, he must raise the defence by pleas to that effect.                    pp. 242, 243

*Decided June 23rd, 1916.*

Motion for modification of opinion and mandate filed July 22nd, 1916.

Appeal from the Court of Common Pleas of Baltimore City.  (Dawkins, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Urner, Stockbridge and Constable, JJ.

*David Ash,* for the appellant, submitted on brief.

*Edwin W. Wells,* for the appellee, and *J. Walter Lord,* counsel for the State Industrial Accident Commission.

BOYD, C. J., delivered the opinion of the Court.

The appellant sued the appellee in the Court of Common Pleas of Baltimore City to recover damages alleged to have been sustained by him in that city while in the employ of the appellee, by the caving in of a trench in which he was working, which was caused by the negligence of the appellee in not properly supporting or bracing the sides of the trench. The appellee on June 18th, 1915, filed a demurrer simply alleging, "that said declaration is bad in substance and insufficient in law." Subsequently an agreement of attorneys was filed as follows: "It is agreed this first day of October, 1915, between the respective parties to this action, that all objections to the legal sufficiency of the declaration in said case are waived, excepting the single objection as to the jurisdiction of the Court over causes of action by or between employers and employees engaged in extra-hazardous employment."

The learned judge below filed an opinion in which he said: "I understand that it is admitted that the case made out in the declaration falls within the purview of the so-called Workmen's Compensation Law, if that law be constitutional." For reasons therein given, he sustanied the demurrer and on the same day judgment for defendant (now appellee) on the demurrer was entered. From that judgment this appeal is taken.

It was thus attempted to test by a demurrer to the declaration, with the aid of the agreement, the right of an employee to sue his employer for injuries sustained by reason of the alleged negligence of the employer in not furnishing him a safe place to work in—it being contended by the defendant that Chapter 800 of the Acts of Assembly of 1914, now codified as Article 101 of the Annotated Code, and known as the Workmen's Compensation Act, deprived the Court of jurisdiction over such suits. The argument was for the most part confined to the question of the validity *vel non* of that Act, the appellant contending that it is unconstitutional.

Section 14 provides in the first paragraph that: ".Every employer, *subject to the provisions of this article,* shall pay or provide as required herein compensation according to the schedules of this article for the disability or death of his employe resulting from an accidental personal injury sustained by the employe arising out of and in the course of his employemcnt, without regard to fault as a cause of such injury, except where the injury is occasioned by the wilful intention of the injured employe to bring about the injury or death of himself or of another, or where the injury results solely from the intoxication of the injured employe while on duty," etc. Section 15 provides that: "The employer shall secure compensation to his employes in one of the following ways;" and then authorizes insuring and keeping insured the payments of such compensation in (1) the State Accident Fund, (2) in a stock corporation or mutual association authorized to transact the business of Workmen's Compensation Insurance in this State, or (3) to secure the payments of the compensation himself, as therein provided. Section 32 is: "Compensation provided for in this article shall be payable for injuries sustained or death incurred by employes engaged in the following extra-hazardous employments;" and there then follow forty-two sub-sections enumerating various employments, and sub-section 43 is: "In addition to the employments set out in the preceding paragraphs, this article is intended to apply to all extra-hazardous employments, not specifically enumerated herein." Section 33 provides that any employer and his employees engaged in works not extra-hazardous within the meaning of the article "may, by their joint election" accept the provisions of the article.

It was conceded at the argument that the plaintiff was engaged in extra-hazardous employment, and the declaration alleges that he was injured while at work in the City of Baltimore. But we do not feel called upon to pass on the constitutionality of the Act, as the case is presented. There is nothing whatever on the face of the declaration to indicate that the Court did not have jurisdiction, unless it be the

mere fact that an employe is suing an employer for damages
for an injury sustained while engaged in a work, which
seems to be conceded to be extra-hazardous employment as
defined by the Act. Nor is there anything in it suggesting,
much less alleging that the appellee had secured payment
of compensation to his employes in either of the ways pro-
vided for by the Act. There have already been a great
many cases decided in reference to such statutes, when the
short time they have been in force in this country is consid-
ered, but we have found none that have gone to the extent
of holding that when an Act of this kind is passed there is
a presumption that every employer, engaged in work in any
of the classes for which compensation is provided, has com-
plied with its requirements, and is entitled to the benefits
of the Act, so as to be protected from a suit in Court by his
employee.

The second paragraph of section 14 contains the following:
"The liability prescribed by the last preceding paragraph
(quoted above) shall be exclusive *that* if an employer fail
to secure the payment of compensation for his injured em-
ployees and their dependents as provided in this article, an
injured employee or his legal representative in case death
results from the injury, may at his option, elect to claim
compensation under this Article, or to maintain an action in
the Courts for damages on account of such injury; and in
such an action the defendant may not plead as a defense that
the injury was caused by the negligence of a fellow servant
or that the employee assumed the risk of his employment, or
that the injury was due to the contributory negligence of
the employee."

There is a manifest error in the use of the word "that" in
the second line of the above quotation. In the New York
statute it reads, "except that if an employer fail," etc., and in
Bulletin No. 185 of the U. S. Department of Labor, Bureau
of Labor Statistics, it seems to be assumed that "but" was
intended in place of "that." Chapter 597 of Acts of 1916
amended the section by inserting word "except." But what-

·ever particular word or expression was intended, it is clear that the Legislature meant to say that the liability for compensation shall not be exclusive, if the employer fails to secure the payment of compensation as required by the Act, and, in case of such failure, left it optional with the employee, or his representative, if death results from the injury, either to claim compensation under the Act, or to sue in Court for damages. The real question properly before us is whether the employee, if he sues, must set out in his declaration the failure of the employer to comply with the requirements of the Act, or that he is not subject to its provisions, or whether the defendant should plead the facts he claims protect him from suit, or rely on them in his defense. We are of opinion that the burden should be and is on the defendant to show that he has complied with the Act and is subject to its provisions. If he has complied, he can easily plead and prove the fact, and the plaintiff ought not to be required to allege in his declaration and prove the negative—that the defendant has not complied.

Our statute does not in terms prohibit an employer from engaging in any extra-hazardous work before he has secured the payment of the compensation, but on the contrary, there are provisions in section 15 which indicate that it may take sometime before the method of securing the payment of compensation he proposes is approved by the Commission. If that method is not approved, another is substituted and the Commission must look into that. That section also provides that any employer, subject to the provisions of the article, who fails or refuses to secure the payment of the compensation as therein provided, "shall at any time after November first. nineteen hundred and fourteen, be compelled by the Commission to insure to his employees and their dependents the payment of the compensation, specified in this article, by paying to the State Treasurer for the use and benefit of the State Accident Fund, hereinafter authorized to be established. the premiums or taxes levied and published by the Commission for the group of employments, industries or

works to which such employer belongs. And any such employer who fails or refuses to so insure within ten days, after being ordered by the Commission to do so, shall be liable to the State in an amount equal to the premiums or taxes required of him for six months' insurance in the State Accident Fund, as a penalty," etc.

Section 22 requires the Commission to report to the Attorney-General, the first Monday of each month all employers known to it to be in default, in payment to the State Accident Fund, for a longer period than five days, and he is required to sue them in the proper Court for the collection of such amounts so due, "and the same when collected shall be paid into the State Accident Fund, and each employer's compliance with the provisions of this chapter requiring payments to be made to the State Accident Fund shall date from the time of the payment of said money so collected as aforesaid to the said Commission for credit to the State Accident Fund."

These and other provisions in the Act, which might be referred to, show that the Legislature anticipated that there would likely be defaults on the part of employers even after they had in the first instance complied with the requirements. Indeed section 22 recognizes that there may be cases where the Commission will not know of the default, as it is required to report to the Attorney-General "all employers known to the Commission to be in default," etc. So even if an employee inquired of the Commission whether payments had been kept up, there might be difficulty in promptly getting correct information, but however that may be, an employer will have all the knowledge necessary, and if a suit is brought against him he can have no difficulty in establishing his right to the protection of the Act, is entitled to it, while the employee might have great trouble in proving the default of the employer. We are, therefore, for these and other reasons, of the opinion that the burden should be and is on the employer, if sued, to prove his compliance with the Act, upon which he relies as a bar to the suit.

It is clear that there is nothing in the agreement of counsel to show that the defendant was entitled to the benefits of this Act, even if such an agreement could be properly considered in passing on a demurrer to a declaration. It simply under-takes to waive all objections to the legal sufficiency of the declaration, "excepting the single objection as to the jurisdiction of the Court over causes of action by or between employers and employees engaged in extra-hazardous employment," and does not state any facts which bring these parties within the Act. When the declaration does not disclose a want of jurisdiction in the Court, which we have said this one does not, it should be set up if relied on by the defendant by plea. For aught that appears, if we passed on the constitutionality of the Act, and sustained it, but remanded the case for trial, it may be that the defendant is not entitled to its protection, because he had not complied with its requirements, or for some reason is not subject to its provisions, and we would have simply passed on a moot question.

One of the points made by the appellant's attorney as a ground for reversal of the judgment is thus stated in his brief: "Any matter showing that the employer is entitled to claim the benefit of the Act, or that the employer has complied with the Act, is a matter of affirmative defense which must be pleaded and proved in order to defeat an action at law against the employer for injury to his employee." He apparently did not understand the agreement to waive that question, or to admit that the defendant was entitled to the benefit of the Act, if valid.

In *Acres* v. *Frederick & Nelson, Inc.,* 79 Wash. 402, 140 Pac. 370, the Supreme Court of the State of Washington after quoting from the statute of that State to the effect that, if an injury happens to a workman during the period the employer is in default in the payment of the premiums under section 4 of their statute, "the defaulting employer shall not, if such default be after demand for payment, be entitled to the benefit of this Act, but shall be liable to suit by the injured workmen * * * as he would have been prior to the

passage of this Act," held that "It was the duty of the appellant to plead and prove a compliance with the Act." In *Reynolds* v. *Day,* 79 Wash. 499, 140 Pac. 681, the suit was brought in the State of Washington for an injury sustained by an employee in Idaho. The complaint set out that there was no compensation Act in Idaho. There was a demurrer on the ground that the Court had no jurisdiction of the subject-matter. The demurrer was sustained below, but the Supreme Court of Washington reversed the judgment. In passing on the question the Court referred to the fact that their Industrial Insurance Act, upon which the respondents relied as the manifestation of a public policy of the State of Washington inimical to the common law action, expressly excepted cases where the employer was in default in his contributions to the statutory insurance fund, and said: "We have held that such payment is a matter of affirmative defense which must be pleaded and proved in order to defeat an action at law against the employer for injury to his employee"—citing *Acres* v. *Frederick & Nelson, Inc., supra.*

In our judgment that is the correct view. If a party is sued in an action at law, which was formerly so thoroughly recognized as this character of suit was in this State, and he claims to be immune from such suit by reason of a statute which manifestly only intended to relieve him from suit provided he had complied with its provisions, he should be required, "to plead and prove a compliance with the Act," to use the language of the Supreme Court of Washington, *supra.*

But if we were inclined to pass on the question of the constitutionality of the Act, regardless of the fact that in our judgment it is not properly raised, we do not deem it proper to do so, under the circumstances. We are informed that there is a case in the United States Supreme Court, which has been argued but not yet decided, involving the constitutionality of the New York Act, which is very similar to ours. As the Supreme Court must ultimately determine the question, in so far as the Federal Constitution is concerned, we

do not feel called upon to pass on it as it may soon be determined by that Court, especially as it is not properly before us.

The *narr.*, on its face presents a good cause of action, but as the learned Judge below was evidently induced by the agreement of the attorneys to confine himself to the one question, about which we express no opinion for the reasons stated, we will remand the case, without affirming or reversing the judgment. The question can then be properly raised, if desired, by plea.

The Court is of the opinion that the question should be raised by special plea in bar in order to give notice to the plaintiff that the statute is relied on as a defense.

> *Case remanded for further proceedings, without affirming or reversing the judgment.*

The following order and modification of the decree was filed September 8th, 1916:

A motion for modification of the opinion and mandate was filed in this case. We remanded the case without affirming or reversing the judgment because the agreement of the attorneys evidently caused the lower Court to confine its consideration to the one point which we did not pass on; but as upon further reflection we are satisfied that a judgment should be entered, we will do so, overruling the motion in other respects. Under the circumstances, we deem it proper to dispose of the costs as stated below.

> *Judgment reversed and new trial awarded, each side to pay one-half of the costs in this Court, the costs below to abide the final result.*