NOBLE *v.* DETROIT TAXICAB & TRANSFER CO.

1. MASTER AND SERVANT—COMMON-LAW ACTION—PLEADING — SUR-
   PLUSAGE—AFFIRMATIVE DEFENSE NEED NOT BE ANTICIPATED.
   In a common-law action by an injured employee against
   his employer for personal injuries received while operat-
   ing a jointer in defendant's shop, an allegation in the
   declaration that the parties were not under the work-
   men's compensation act was mere surplusage and plaintiff
   did not thereby assume the burden of proving it, since
   he is not required to negative an anticipated defense.

2. SAME—NO PRESUMPTION EMPLOYER HAS COME UNDER WORK-
   MEN'S COMPENSATION ACT—AFFIRMATIVE DEFENSE TO BE PLEADED
   AND PROVED.
   There is no presumption that an employer has elected to
   come under the workmen's compensation act, but if he
   has so elected, such election is an affirmative defense to a
   common-law action by an employee for an injury arising
   out of and in the course of the employment, but to be
   available it must be pleaded and proved by the employer.

3. SAME—EVIDENCE—NOTICE.
   Testimony that prior to plaintiff's injury others were in-
   jured while operating the same machine in the same
   condition it was in when plaintiff was injured was ad-
   missible for the purpose of showing that defendant had
   knowledge and notice of its dangerous condition.

4. SAME—PLEADING AND PROOF—VARIANCE.
   Where plaintiff's declaration averred that his hand was
   drawn into the head of the machine, his testimony that it
   grabbed his fingers, *held*, not a fatal variance.

5. SAME—EVIDENCE—ADMISSIBILITY.
   Testimony by plaintiff that a lack of proper babbitting of
   the shaft caused the machine to have an irregular motion,
   *held*, admissible.

6. TRIAL—NEGLIGENCE—EVIDENCE—DIRECTED VERDICT.
   Where plaintiff made a case of actionable negligence for

On admissibility of evidence of condition before and after
accident of property whose defects are alleged to have caused
the accident, see note in 32 L. R. A. (N. S.) 1084.

the jury, it was error for the trial court to direct a verdict for the defendant.

Error to Wayne; Richter (Theodore J.), J.    Submitted January 26, 1923.    (Docket No. 17.)    Decided March 23, 1923.

Case by Thomas A. Noble against the Detroit Taxicab & Transfer Company for personal injuries.    Judgment for defendant on a directed verdict.    Plaintiff brings error.    Reversed.

*Walter M. Nelson (Harry L. Diehl,* of counsel), for appellant.

*A. W. Sempliner,* for appellee.

CLARK, J.    On October 27, 1914, plaintiff, an experienced woodworker,. was operating, in defendant's shop, a machine commonly known as a jointer.    In an opening in its table was a metal head into which were set knives, over which head, when revolving, the timber to be machined was passed.    In the operation, plaintiff's hand came in contact with the revolving head and he was injured.    The most serious negligence charged, in substance, is that the machine was dangerously out of repair.    The claimed lack of repair is set forth at great length and relates to nearly all parts of the machine and to its bed.    Plaintiff's most significant testimony in this regard, stated generally, is to the effect that the belt from the power shaft to the pulley of the machine was old, weak and of insufficient width, resulting in an uncertain and irregular motion of the head when in operation, that this motion was aggravated by a lack of babbitting of the shaft of the machine and that further difficulty and danger were added to plaintiff's work by vibration due to weak and worn bed to which the machine was

poorly and insecurely fastened. He also testified that the metal head used was square and that it should have been round and that the use of an unsuitable square head added to the danger and increased the opening into which his hand went. A lack of a suitable guard is also averred. The declaration also avers that neither plaintiff nor defendant, at the time in question, had signified acceptance of the workmen's compensation act, and during the trial plaintiff sought to amend by striking out this averment, but leave was not given, and to support this averment plaintiff testified that no notice, as required by the act, had been posted in the shop at the time of the accident. A purported certificate by the secretary of the department of labor and industry that defendant had not accepted the provisions of this act was offered in evidence and excluded. Defendant's plea contained no notice that it had elected to pay compensation under the act. On motion, a verdict was directed in favor of defendant and judgment entered on the ground that plaintiff had offered no proof in support of his averment that the parties were not under the workmen's compensation act. Plaintiff brings error.

We think it unnecessary to review the various proceedings, mistrials, and orders permitting plaintiff to amend, by which the present declaration was finally produced, being of the opinion that the permitting of the several amendments, though latterly somewhat indulgent, was not an abuse of discretion, and that at the instant trial plaintiff was rightfully in court with a declaration stating a case of actionable negligence.

Plaintiff need not have inserted in his declaration the averment that the parties were not under the workmen's compensation act. The statement was surplusage. He was not required to negative an anticipated defense. In this State an employer may elect to pay compensation. If he so elects such election

is a matter of affirmative defense in a common-law action by an employee for an injury arising out of and in the course of the employment.    Employers, except of household domestic servants and farm laborers, if they do not so elect are deprived of certain defenses in such common-law actions (2 Comp. Laws 1915, § 5423 *et seq.*).    But there is no presumption that an employer has so elected.    *Mackin* v. *Detroit-Timkin Axle Co.,* 187 Mich. 8.    We think the rule applicable under our statute is stated in *Salvuca* v. *Ryan & Reilly Co.,* 129 Md. 235 (98 Atl. 675) :

"The real question properly before us is whether the employee, if he sues, must set out in his declaration the failure of the employer to comply with the requirements of the act, or that he is not subject to its provisions, or whether the defendant should plead the facts he claims protect him from suit, or rely on them in his defense.    We are of opinion that the burden should be and is on the defendant to show that he has complied with the act and is subject to its provisions.    If he has complied, he can easily plead and prove the fact, and the plaintiff ought not to be required to allege in his declaration and prove the negative—that the defendant has not complied."

And see *Kampmann* v. *Cross* (Tex. Civ. App.), 194 S. W. 437.

Counsel for defendant cites *Krisman* v. *Mining Co.,* 190 Ill. App. 612, and *Hodges* v. *Swastika Oil Co.* (Tex. Civ. App.), 185 S. W. 369.    A reading of those cases will show that they are clearly distinguishable on statutory grounds.    And this may be said of *Beveridge* v. *Illinois Fuel Co.,* 283 Ill. 31 (119 N. E. 46), 206 Ill. App. 145.

Plaintiff because of such negative and unnecessary averment did not assume the burden of proof as to the matter.    It is said in 2 Abbott's Trial Brief (2d Ed.), p. 902:

"Plaintiff by inserting in the complaint matter not

essential to his cause of action, but intended to negative an anticipated defense, does not assume the burden of proof as to that matter.    But if the answer sets up that defense, the defendant must prove it;" citing *Murray* v. *Insurance Co.*, 9 Abb. N. C. 309, 85 N. Y. 236; *Coburn* v. *Insurance Co.*, 145 Mass. 226 (13 N. E. 604).

And see Lewson, Plead. & Prac. p. 152; *Lesher* v. *Guaranty Co.*, 239 Ill. 502 (88 N. E. 208).

Plaintiff seeks a ruling upon the admissibility of certain testimony.    He sought to prove knowledge of and notice to defendant of the dangerous condition of this machine as operated without repair.    Meeting objections of counsel and adverse rulings by the court he made, not in the presence of the jury, the following offer which was refused:

"*Mr. Nelson:* I want to show that April 28, 1914, on the same machine for the same reason and without any change in the condition of the machine intervening, that John Hilts who is here as a witness suffered the same or a more serious injury to the same hand on this machine; that prior to that, a few months, another man had a similar accident under similar circumstances, no change in the condition of the machine. About the same nature for the same reason.   ˙I want to show that by Mr. Scrimger when we produce him. We will produce a man who knew about this head at the time Mr. Hilts was injured; that it was taken out of the machine by order of the superintendent  and foreman and was not used until the time of this injury, on the order of Mr. Scrimger after he knew that it had injured two other men in the same year.   We want to show that the company knew of the danger of operating that machine as it stood; knew it should not be operated without repairs and a different kind of a head and a guard.   *   *   *   I will concede we could not show similar accidents on a different machine— after the accident, but we offered to show accidents and the condition prior to this accident; we will show that six months prior to this time an accident happened on the same machine and that the head was

taken out of the machine at that time and had never been in the machine from the time of that accident six months before until this time; that there has been no change in the condition of the machine except to take out and put it back in."

Of what Mr. Scrimger, defendant's manager, said to him, plaintiff testified:

"We have to do something to hurry this work out. He wanted me to take that machine and run it and get this work out.    I told him there was no head in the machine."

And:

"*Q.* Do you know why it was not in there?
"*A.* Why, yes.
"*Q.* How did that happen?
"Objection that this was immaterial, incompetent and irrelevant was sustained though Mr. Nelson called attention to the fact that the answer anticipated would bring home to the defendant notice of the condition of the machine.
"*Q.* Were there many changes in the condition of the machine between the time the head was taken out and the time that Mr. Scrimger told out (you) to operate the jointer?
"*A.* No, sir.
"Objected to.
"*The Court:* I will sustain the objection.
"*Q.* How long had this head been out of the machine, if you know?
"Objected to.
"*The Court:* I will sustain the objection.
"*Mr. Nelson:* I want to show that the company knew the condition of the machine.    I want to bring home notice."

It will be noted that plaintiff offered such testimony to show notice and knowledge of the dangerous condition of the machine, not to show negligence.    We think these rulings erroneous.    If plaintiff had testimony of similar accidents on the same machine, for the same reason, without change in conditions, it

should have been received. And if defendant removed the head from the machine at the time of an injury to another employee in the manner claimed by plaintiff and, keeping the head out of the machine for months, returned it in the manner and under the conditions claimed and directed plaintiff to operate such machine, evidence to that effect should have been received.

In *Branch* v. *Klatt*, 173 Mich. 31, it was said:

"* * * and it now stands as the law in this State that evidence of prior similar accidents in the same place, the conditions being shown to remain unchanged, is admissible to prove both notice of the defect and negligence."

And in 10 R. C. L. p. 940:

"It has been said that there is no better evidence of negligence than the frequency of accidents. To show the dangerous character of a machine and the owner's knowledge thereof, in an action to recover damages for injuries from its use, evidence is admissible of accidents to others under like circumstances."

And see 29 Cyc. p. 612; 22 C. J. p. 753; 32 L. R. A. (N. S.) 1096; *Woodworth* v. *Railway*, 153 Mich. 108; *Mayer* v. *Railway*, 142 Mich. 459; *Van Doorn* v. *Heap*, 160 Mich. 199.

Defendant suggests a variance between averment and proof. Plaintiff's declaration states that his hand was *drawn* into the head. He testified on direct-examination that "it grabbed my fingers." Though on cross-examination he described how his hand came to be near and in contact with the head in somewhat different language, in view of the testimony quoted we find no fatal variance.

We think the testimony of the lack of babbitting of the shaft of the machine was admissible and that plaintiff should have been permitted to testify fully in that regard. Whether testimony relative to a lack

of a guard would be material, we are unable to say on this record. Other questions suggested are not likely to arise on a new trial, but in any event are not difficult and are fully covered by cases easily accessible. Plaintiff made a case of actionable negligence for the jury, and it was error to direct a verdict for defendant.

Judgment reversed with costs to plaintiff. New trial granted.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.