## BALTIMORE CITY COURT.

Filed May 9, 1924.

### NIKODEM JAROSZEWSKI
### VS.
### AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, A BODY CORPORATE, AND DR. WM. J. SCHMITZ.

*Milton Dashiell* and *Geo. L. Fornoff* for plaintiff.

*Stewart & Pearre, Jas. U. Dennis* and *Walter L. Clark* for defendants.

FRANK, J.—

The demurrers to the declaration present two defenses to this action:

First. On behalf of the defendant Insurance Company, that the alleged wrongs were committed by the defendant, Dr. Schmitz, an independent contractor, and not its agent.

Second. On behalf of both defendants, that the injuries to the plaintiff arose out, and were received by him in the course, of a hazardous employment; that for such injuries the exclusive remedy is provided by the Workmen's Compensation Act and that the State Industrial Accident Commission is authorized to award and will award compensation to the plaintiff for the additional injuries received by him as a consequence of the wrongs alleged to have been committed by the defendant, Schmitz.

Both of these defenses, if borne out by the evidence, upon the authorities submitted to me, are good defenses to the action brought. I do not think, however, that they can be properly presented upon demurrer.

First. The declaration alleges that Dr. Schmitz was the "agent, servant or employee of the defendant insurance company acting within the scope of his authority." I can not assume that the insurance company had no corporate power to render medical services and to have in its employment physicians with authority to render such services in its behalf. The demurrer admits the employment and authority of Dr. Schmitz. 2 C. J. 905.

Second. The declaration merely alleges that the plaintiff was injured while in the employ of the assured by falling from a scaffold. It does not allege that plaintiffs' employment brought him within the operation of the Workmen's Compensation Act and that he was entitled to compensation under that Act. It alleges that a liability insurance policy on the plaintiff had been issued to his employer but that does not necessarily mean a policy under the provisions of the Compensation Act. One who relies upon the Act as a defense must allege affirmatively the facts necessary to bring his case within the Act.

See Salvuca vs. Ryan and Reilly Co., 129 Md. 235, 240, etc.

For these reasons, the demurrer of each defendant to the declaration will be overruled with leave in each case to plead in fifteen days.