WIRTH *v.* WIRTH

[No. 52, October Term, 1948.]

*Decided January 13, 1949.*

22

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Ellis Levin,* with whom was *A. B. Dreher* on the brief, for the appellant.

*William S. Wilson, Jr.,* for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

A bill of complaint for a divorce *a mensa,* and for the custody of his six year old daughter was filed by the appellee in the Circuit Court of Baltimore City. The wife answered, testimony was taken on behalf of the husband, and at the conclusion of his case, counsel for the wife said he did not dispute the right of the husband to a divorce, and offered no testimony on this phase of the case. He stated that he was willing to put on his case with respect to the custody of the child, but said he did not see where there had been any evidence to indicate that the child should be taken from its mother. The chancellor said he would have the Probation Department make an investigation and report before he determined this question, but that he would grant the *a mensa* divorce. The appellant made no objection to this procedure. Subsequently, after the report had been received, the chancellor signed a decree divorcing the parties *a mensa,* and giving the husband the custody of the child. From this decree the wife appeals.

The evidence offered by the husband shows that the wife left his bed in July, 1947, for no apparent reason except that he went to a bowling tournament in Washington against her wishes. In September she told him to leave the house, put his clothes packed in cartons in the vestibule, and changed the lock on the door. He then went to his mother's home, and has since lived away from his own home. There is evidence indicating that the real cause of the expulsion of the husband was the presence of a male boarder, who was at the house so much that the child asked her grandmother why her

"daddy" wasn't there and why "Mr. Bob" (the boarder) was there. While there was only inferential corroboration of some of this testimony, it was not denied. We think it sufficient to justify the divorce, and we are not disposed to overrule the chancellor who saw and heard the witnesses and believed them.

Appellant urges that she should have been awarded the custody of the child, and particularly objects to the action of the chancellor with respect to the report of the Probation Department. This report contained statements concerning the character of the appellant and the results of her method of rearing her daughters by a former marriage. These statements, if true, would justify any court in taking her daughter from her. The statements were made by appellant's mother and sister-in-law. Appellant claims that after this report was read by the chancellor, it was ordered sealed and filed, and the contents were not disclosed to her, so that she had no opportunity to contradict the statements made.

The record in this case, however, does not offer any basis for our consideration of such a question. Nowhere does it appear that appellant objected to the obtention of the report, and there is nothing to support the statement made in the brief that it was not shown to her or to her counsel. Nor does it appear that she or her counsel requested an opportunity to contradict it. Appellant excepted to the inclusion of the report in the record for this court, and in her exception made the statement about it as she inserted in her brief. The chancellor ordered it included but it does not appear that any application was made to him then, or at any other time, to reopen the case so that additional testimony might be offered. We cannot pass upon a question which does not appear to have been presented below. (Appeals Rule 9, Code 1947 Supplement 1993.)

The question of custody is always open to the chancellor, and, on proper application to him, the appellant will, no doubt, be given an opportunity to show, if she can, that it is for the best interest of the child that the

custody should be transferred to the mother. On this record, we are unable to say that the decree signed was, in any respect, erroneous.

*Decree affirmed with costs.*