ANDERSON ET UX. *v.* BARKMAN ET UX.

[No. 130, October Term, 1949.]

*Decided April 14, 1950.*

The cause was argued before MARBURY, C. J., COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*William L. Wilson, Jr.*, with whom was *Edward J. Ryan* on the brief, for the appellants.

*William A. Huster* and *Earl E. Manges* for the appellees.

COLLINS, J., delivered the opinion of the Court.

Elva I. Anderson, whose maiden name was Elva I. Hutzell, together with her husband, James D. Anderson, hereinafter called appellants, on June 21st, 1949, filed a petition in the Circuit Court for Allegany County for the adoption of Carol Ann Hutzell, born on March 28, 1947, to Elva I. Hutzell before her marriage to James D. Anderson. From a decree of the Circuit Court for Allegany County dated September 10, 1949, dismissing their petition, the appellants appeal to this Court.

Chapter 599, Section 85A of the Acts of 1947, Article 16, Section 85A, Code 1947 Supplement, having statewide effect in Maryland by Chapter 19 of the Acts of the Extraordinary Session of 1947, provides: "(Legislative Policy). The General Assembly hereby declares its conviction that the policies and procedures for adoption contained in this sub-title are socially necessary and desirable, having as their purpose the three-fold protection of (1) the adoptive child, from unnecessary separation from his natural parents and from adoption by

persons unfit to have such responsibility; (2) the natural parents, from hurried and abrupt decisions to give up the child; and (3) the adopting parents, by providing them information about the child and his background, and protecting them from subsequent disturbance of their relationships with the child by natural parents." This Court has many times said that in adoption cases the Court must be satisfied that the best interest and welfare of the infant will be promoted by the adoption. *Alston v. Thomas,* 161 Md. 617, 158 A. 24; *Spencer v. Franks,* 173 Md. 73, 195 A. 306, 114 A. L. R. 263; *Lagumis v. Lagumis,* 186 Md. 97, 46 A. 2d 189; *White v. Seward,* 187 Md. 43, 47, 48 A. 2d 335; *Atkins v. Gose,* 189 Md. 542, 56 A. 2d 697.

The facts of this case for the purpose of this opinion follow. After the birth of Carol Ann Hutzell in Allegany County she was taken on May 9, 1947, from the hospital to the home of Charles A. Barkman and Rhoda Barkman, hereinafter referred to as the appellees, with whom Elva I. Anderson had lived before the birth of the child. On December 4, 1947, Elva I. Anderson, then Elva I. Hutzell, filed in the Circuit Court for Allegany County a petition for a writ of habeas corpus directed to the appellees, in which she stated that the infant Carol Ann Hutzell was unlawfully detained by the appellees who had refused to surrender possession of the child to the petitioner. She asked that the child be produced in Court together with proof of appellees' right of custody for the purpose of determining the cause of her detention, and in order that further proceedings might be had. The writ was granted and after hearing the Circuit Court for Allegany County ordered on December 5, 1947, that Carol Ann Hutzell "shall remain temporarily with Charles A. Barkman and Rhoda Barkman, his wife; however, jurisdiction is retained by the Court for future disposition."

By Chapter 797 of the Acts of 1945, Sections 20 and 21 of Article 42, 1939 Code, (Habeas Corpus) relating to Procedure in Relation to Minors, were repealed and Sec-

tion 19 of the same article was made not to apply to Allegany and Garrett among other counties. Therefore, the Circuit Court for Allegany County had no jurisdiction to issue the aforesaid writ of habeas corpus or to pass its order of December 5, 1947, placing the custody of Carol Ann Hutzell temporarily with the appellees and retaining jurisdiction of the infant for future disposition of that Court, and such order was therefore void and of no effect. *Cockerham v. Children's Aid Society of Cecil County*, 185 Md. 97, 43 A. 2d 197; *Burns v. Bines*, 189 Md. 157, 55 A. 2d 487, 489, 490.

Chapter 446 of the Acts of 1949 effective June 1st, 1949, repealed Section 85B of Article 16 of the Annotated Code of Maryland, 1947 Supplement, and re-enacted it with amendments to read as follows: "85B (Jurisdiction and Venue). The Circuit Courts of the several counties of this State, sitting in equity, and any court of Baltimore City having equity jurisdiction, shall have jurisdiction of all petitions for adoption under this sub-title. Any such petition may be filed in the county, or in Baltimore City, as the case may be, in which (1) the petitioner or petitioners have their domicile; or (2) the person to be adopted is domiciled; or (3) any lawfully licensed child placement agency, having legal or physical care, custody or control of the person to be adopted is located; or (4) such petition may be filed in any court having equity jurisdiction which had prior to the filing of the petition for adoption assumed a continuing jurisdiction over the custody of the person to be adopted. Provided, however, except in (4) above no such petition shall be filed unless either the person to be adopted or the custodian shall be physically within this State and subject to the jurisdiction of the courts thereof." This section is state-wide in effect. See "Changes Made By The New Adoption Law" by John S. Strahorn, Jr., Maryland Law Review, Vol. X, page 20. In the case at bar the evidence shows that at the time of filing the petition for adoption, now before this Court, the appellants were residents of the State of Ohio and the child, Carol Ann Hutzell, (and the

appellees, Charles A. Barkman and Rhoda Barkman) were residents of Garrett County, Maryland. No child placement agency had physical care, custody or control of the infant. As hereinbefore set forth the previous order passed by the Circuit Court for Allegany County on December 5, 1947, in the habeas corpus case retaining jurisdiction of the infant was void and of no effect. The Circuit Court for Allegany County therefore had no jurisdiction in this case. Jurisdiction in equity courts to decree adoption arises wholly from statute. *White v. Seward, supra,* 187 Md. 43, 48 A. 2d 335. The petition for adoption will therefore be dismissed without prejudice.

In passing it might be well to note that the only evidence as to whether the appellants here are fit persons to adopt the infant, and as to the conditions and surroundings in which appellants live in Ohio, to justify the granting of the petition for adoption, came from one of the appellants, Elva I. Anderson, her mother, Effie Violet Hutzell, her uncle, Charles S. Golden and his wife, Mrs. Charles Golden. Although Article 16 Section 85-I providing for "Investigation" in adoption cases is not in effect in Allegany or Garrett counties among others, there is nothing to prevent the Court from having a proper investigation made as to the home and surrounding conditions in the State of Ohio where the mother and step-father desire to take this infant after adoption. Note *Wirth v. Wirth,* 192 Md. 21, 63 A. 2d 312.

*Decree affirmed without prejudice, costs to be paid by the appellants.*