FRUSH *v.* BROOKS

[No. 111, October Term, 1953.]

*Decided April 26, 1954.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Franklin Somes Tyng* for the appellant.

No brief and no appearance for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The decision in this appeal depends on the meaning and effect of the summary judgment provisions of the General Rules of Practice and Procedure.

The appellee, plaintiff below, sold the appellant, defendant below, a house scow, and as part of the purchase price accepted her promissory note. Not only was the note not paid but an additional indebtedness accrued for wharfage. Appellee filed suit to recover the balance due. Filed with the declaration was a motion for summary judgment, with supporting affidavit and notice to the defendant to plead, as required by the rules. The appellant filed the two usual general issue pleas and a third plea: "That she has a *bona fide* defense to the claims of the Plaintiff, . . ." and made oath in due form of law that each and every plea was true and that she was advised by counsel to file them. She prayed a jury trial. Her counsel at the time, who did not represent her on appeal, certified that he had advised her to file the pleas and make the affidavit. At this point the appellant filed a suggestion of removal and the case was sent from the Circuit Court for Dorchester County to the Circuit Court for Wicomico County. Some six months later, the appellee filed a second motion for summary judgment and it was granted by the court.

The appellant relies here on these propositions: **(1)** that under the rules, the plaintiff's affidavit was in-

sufficient to sustain his motion for summary judgment, because it merely affirmed the existence of entries in his own books of account; (2) that the timely filing of pleas by the appellant, denying the whole of the plaintiff's claim, with an affidavit as to the truth of the pleas, was enough to prevent the granting of summary judgment; (3) that the failure of the appellee to give notice to the appellant at the time of the filing of the second motion for summary judgment, as required by the rules, foreclosed the entry of the judgment as a matter of law. In support of all of these propositions, the appellant urges that a summary judgment can be entered only when: ". . . there is no genuine dispute as to any material fact . . ." and says that here there is such a dispute. Further, she says that, having prayed a jury trial, she is entitled to require the appellee to prove his claim before the jury and to have the opportunity herself to controvert plaintiff's evidence. We find no merit in any of these contentions.

Summary Judgment Rule 4 (a) requires that: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 1 (b) provides that the motion must be supported by affidavit when filed with the pleading asserting the claim. Rule 2 sets forth that affidavits shall be made: ". . . on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." It further provides that: "Sworn, or certified or photostatic copies of all material papers or parts thereof referred to in an affidavit shall be attached thereto or filed therewith or their absence satisfactorily explained."

The appellee filed with his declaration a statement of account showing the balance due on the promissory note, interest on balances, credits for payments, and finally,

the wharfage for the periods named, at stated rates, a balance presently due. A copy of the promissory note was attached. The affidavit affirmed that the appellee: ". . . keeps regular books of account of his business and he is familiar with said books and that the annexed statement is a true and correct copy of the account of the said Leona Frush, on the books of Claude R. Brooks, . . . that there is justly due and owing by the said Defendant to the Plaintiff on the annexed statement the sum of Eight Hundred eighty-seven dollars ($887.00), without deductions or offset and over and above all discounts, and that this affiant has personal knowledge of the matters and facts therein stated." We find that the affidavit gratified the provisions of the summary judgment rules. Clearly, the matters and facts therein averred would be admissible in evidence. Article 35, Section 68, of the Code (1951) provides that any writing or record, whether in the form of an entry in a book or otherwise made as a memorandum or record of any act or transaction, shall be admissible in evidence or prove such act or transaction, if made in the regular course of any business, and the mere lack of personal knowledge by the entrant or maker may be shown only to effect the weight but not the admissibility thereof. Under this provision, the Legislature has created a broad exception to the hearsay rule. *Lee v. Housing Authority of Baltimore City,* 203 Md. 453; and *Bethlehem Shipyard v. Scherpenisse,* 187 Md. 375. In the instant case the affiant swore not only that the entries were made in the regular course of business, but that he had personal knowledge of their accuracy, as well as that the appellant in fact was indebted to him in the amount shown. The affidavit was sufficient to support the motion for summary judgment. *Molesworth v. Schmidt,* 196 Md. 15; *Fletcher v. Flournoy,* 198 Md. 53.

There is abundant support for a holding that a mere general denial of a plaintiff's claim is not enough, as claimed by appellant, to show that there is a genuine dispute as to a material fact. The Maryland summary

judgment rules, and especially the requirements of supporting or opposing affidavits, were taken from the Federal Rules of Practice and Procedure (Rule 56), so that interpretations of the Federal Rules are especially persuasive as to the meaning of the Maryland rules. *U. O. Colson Co. v. Goff,* 204 Md. 160. The Federal cases hold that: ". . . mere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the award of summary judgment". *Engl v. Aetna Life Ins. Co.,* 139 F. 2d 469. See also *Dewey v. Clark,* 180 F. 2d 766, 772; *Piantadosi v. Loew's Inc.,* 137 F. 2d 534; and *Schreffler v. Bowles,* 153 F. 2d 1. That the Maryland rules were intended to have the same meaning as their Federal prototype is indicated by the Reporter's notes found on page 2114 of the 1947 Supplement to the Code. There it is said: "Under the speedy judgment practice, the affidavits are largely formal; they affirm that the action or defense is in good faith without presenting the facts on which it is based. Under the proposed rule, supporting and opposing affidavits must submit evidentiary facts to the court. . .

"The court does not, of course attempt to decide any issue of fact or of credibility, but only whether such issues exist. If the affidavits or other evidence show a genuine conflict, the court must deny the motion. Thus the proposed procedure is not a substitute for a trial, but only a hearing to decide whether a trial is necessary. But the party opposing the motion must show by *facts* that there is a real dispute. Thus the procedure directs the attention of the court and parties to the substance of the controversy rather than to formal requirements."

The rule itself supports this point of view. Rule 4(b) at least implies that a party opposing the motion must present facts which show a genuine dispute. It says: "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, . . ." the court may order a continuance to permit

affidavits to be obtained or depositions to be taken, or discovery to be had.

The appellant stated merely that she had a valid defense to the claim against her. She did not even hint as to what this defense might be. She did not suggest that she had not signed the note or that she had paid it in whole or in part. The number of days wharfage charged for and the rate are not challenged. Nor is there any challenge to the amount of interest claimed or that any payments, other than those credited, have been made. Under the circumstances, the statement that there is a valid defense to the claim is a mere conclusion ineffectual to bar the granting of a motion for summary judgmend supported by valid affidavit.

There is no substance to the argument that when the second motion for a summary judgment was filed, the failure to give notice to the appellant, as required by Rule 3 (b), prevented the court from validly granting the motion. When the declaration was filed, the appellee gave the fifteen day notice called for by Rule 3 (a) in such case. One motion with accompanying notice having been made, the failure to give a second notice, as part of an unnecessary second motion, cannot be treated as fatal. The court had jurisdiction of the parties and the subject matter and if it had granted a summary judgment of its own motion, this alone would not affect an otherwise valid judgment. *Hamburger v. Standard Lime & Stone Co.*, 198 Md. 336. The appellant does not claim that, before the motion for summary judgment was granted, she was not afforded an opportunity for her attorney at that time to present her side of the case to the court. She does allege that there was no "formal" hearing and that, since no second notice was given, this adds up to an absolute bar to the entry of the summary judgment. A formal hearing is not a requisite under the rules. It is enough if the court hears both sides before it passes on the matter. There is no claim that the court did not hear and consider both sides of the case before it acted. It is to be noted further that not

only were no facts given to the court below to show that there was a genuine dispute as to a material fact, but that neither in the brief or at the argument here did the appellant suggest any facts which would so indicate.

Little need be said as to the argument that a defendant is entitled to rely on suspected infirmities in the plaintiff's claim and may require its proof to the satisfaction of a jury. When the summary judgment procedure was in its early stages, these arguments were presented to and rejected by the courts. See *General Investment Co. v. Interborough Rapid Transit Co.,* 235 N. Y. 133, 139 N. E. 216. There, in an action on promissory notes, the defendant, without denying the execution and general validity of the notes, alleged that it lacked knowledge or information sufficient to form a belief as to whether the plaintiff was the owner and holder of the notes. In answer to the plaintiff's motion for summary judgment, it did not file any affidavit or offer proof. It was held that the motion for summary judgment was properly granted. To the claim of the defendant that it had been deprived of its right to trial by jury, the court said: "The rule in question is simply one regulating and prescribing procedure, whereby the court may summarily determine whether or not a *bona fide* issue exists between the parties to the action. A determination by the court that such issue is presented requires the denial of an application for summary judgment and trial of the issue by jury at the election of either party." The court went on to say that if the pleadings and affidavit of the plaintiff present a valid claim and disclose no defense, and the defendant fails to controvert the claim and: ". . . establish by affidavit or proof that it has a real defense and should be permitted to defend, the court may determine that no issue triable by jury exists between the parties and grant a summary judgment." Judge Markell, speaking for the Court in *Fletcher v. Flournoy, supra,* put the matter in this wise, at page 61 of 198 Md.: "There is no merit in plaintiff's contention that the Summary Judgment rules are unconstitutional because they

impair the constitutional right of trial by jury. They do not impair the right of trial by jury. They merely operate to determine what, if any, issues are to be tried by jury. *Fidelity and Deposit Company v. United States,* 187 U. S. 315, 23 S. Ct. 120, 47 L. Ed. 194." The summary judgment rules no more infringe a constitutional right of trial by jury than does the granting of a directed verdict in a proper case. They merely permit a justifiable determination that there is nothing for a jury to consider.

We find no error in the action of the lower court in granting the summary judgment complained of.

*Judgment affirmed, with costs.*