NARDO, EXECUTRIX *v.* FAVAZZA ET UX.

[No. 47, October Term, 1954.]

*Decided January 13, 1955.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Joseph Loeffler,* with whom was *Stephen W. Leitch,* on the brief, for appellant.

*Henry R. Wolfe,* with whom were *Albert L. Sklar* and *Richard T. Rombro,* on the brief, for appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This action in assumpsit was entered in the Baltimore City Court on November 17, 1952, by Nicolo Nardo, now deceased, against Frank Favazza and Virginia Favazza, his wife, to recover two alleged loans of money. Plaintiff alleged in the declaration that he loaned defendants $200 on May 15, 1945, and $500 on April 10, 1947, and that they promised to repay the same but failed to do so. He also filed a motion for summary judgment supported by an affidavit that the amount owed by defendants, including interest, was $957.97.

Nardo died on November 22, 1952. On January 30, 1953, Rosina Nardo, executrix, was substituted as plaintiff in place of the deceased plaintiff.

On February 14, 1953, defendants filed two general issue pleas and a plea of limitations. They also filed an answer to plaintiff's motion for summary judgment and a motion for summary judgment for defendants on the ground that they had a complete defense to plaintiff's claim and that there was no genuine dispute as to any material fact.

On February 19 plaintiff filed a replication to defendants' pleas and an answer to defendants' motion for summary judgment. She alleged in her answer that she had a valid claim against defendants because defendants, within three years prior to the institution of the suit, acknowledged the indebtedness and promised to pay it.

On March 4 defendants requested particulars of plaintiff's replication, namely, by whom, to whom, and when the alleged acknowledgments were made; whether they were written or oral; if written, to attach a copy of the writing; if oral, to disclose the terms in full.

In compliance with defendants' request, plaintiff replied that on October 25, 1952, Miss Santa Frances Nardo, Nardo's daughter and agent, made a demand upon defendants on their premises at 4316 Reisterstown Road for the payment of the indebtedness, and they acknowledged then and there that they owed Nardo and stated that they were unable to pay him at that time, "but would pay said indebtedness in full when their tavern business was sold by them, which tavern business was for sale."

On March 30, 1953, Judge Moser overruled both plaintiff's motion for summary judgment and defendants' motion for summary judgment.

The case was scheduled for trial on April 1, 1954. On that day plaintiff filed another motion for summary judgment. This time her motion was for judgment "for part of plaintiff's claim". Her request was for judgment "as to the original liability of the defendants." She claimed that she was entitled to a partial judgment because there was no genuine dispute as to the original liability, and consequently the only question for decision was whether the claim was barred by the Statute of Limitations. Judge Cullen denied her motion. He stated that the issue of original liability and the issue of limitations were so intertwined as questions of fact that it was not practical to separate them.

The whole case was then tried before the Court without a jury. Miss Nardo, who was 21 at the time of the trial, was plaintiff's only witness. She testified that she

saw Favazza at his restaurant on October 25, 1952. She testified that she said to him: "I came here to ask you to sign a note for the money you owe my father; he being sick he is trying to take care of his business matters, and he took this $700 out of his business, and has no receipt or note to show it. Will you please sign a note, and you do not have to pay the money back right away. You can pay it back any time you want. He isn't going to charge interest." According to Miss Nardo, Favazza replied: "I am very sorry, I cannot sign notes because I have my business for sale. * * * It's none of your business, it's between your father and I, and when I sell my business I will pay back the $700."

Judge Cullen decided that plaintiff did not prove by a preponderance of evidence that the obligations ever existed. He accordingly rendered judgment in favor of defendants. Plaintiff then appealed from the judgment entered in favor of Frank Favazza.

In Maryland there was no provision for speedy judgment until 1858. In that year the Legislature passed an Act "for the dispatch of business in the Superior Court and Court of Common Pleas of Baltimore City." That Act was not available for actions on oral contracts; it applied to actions "for recovery of money due on any contract endorsed by writing under the hand of the defendant * * * wherein the sum to be recovered is ascertained by the contract, or the measure of damages is fixed by law." Laws 1858, ch. 323.

Subsequent Acts of the Legislature extended the procedure to oral contracts. All of the Acts sought to provide a more expeditious remedy for actions for liquidated damages. In *Gemmell v. Davis,* 1889, 71 Md. 458 464, 18 A. 955, where the Court had under consideration the Baltimore City Practice Act of 1886, Chief Judge Alvey said: "The obvious purpose of the Act is not only to furnish a short and expeditious method of recovery in the class of actions mentioned, but, by requiring disclosure under oath, as to the real amount or matter in dispute or actual contest between the parties, to avoid

unnecessary trouble and expense in the trial."

In the course of time, however, it was found that these Acts had a number of shortcomings including lack of uniformity in the details of pleading and practice; technicalities that could be interposed to defeat the right to summary relief; requirements of unnecessary strictness for the form of affidavits; and the possibility that a defendant could postpone judgment by filing a demurrer or demand for particulars. It was also found that the proceedings, because of their formal and technical character, seldom achieved one of the important objectives of this procedure, the narrowing of issues to those genuinely in dispute to avoid unnecessary trouble and expense in the trial.

The Summary Judgment Rules of the Court of Appeals were adopted on November 12, 1947, and became effective on January 1, 1948. General Rules of Practice and Procedure, part 2, subd. 4. These rules provide in part as follows:

> Rule 1 (a). *"When Allowed.* In any proceeding at law or in equity, a party asserting a claim (whether an original claim, cross-claim, counterclaim, or third-party claim), or a party against whom a claim is asserted, may at any time make a motion for a summary judgment in his favor as to all or any part of the claim on the ground that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. A motion for summary judgment does not affect the time for pleading unless the court orders otherwise."

> Rule 4 (c). *"Judgment on Part of Claim.* If at the hearing it appears that there is no genuine dispute as to part of the claim or as to the defense to part of the claim, the court in its discretion may render judgment forthwith as to that part, upon such terms as it thinks fit. In that case, the action shall proceed on the disputed part of the claim; and the court shall

retain jurisdiction of the action even though the disputed part is below its jurisdictional amount if the original claim was within its jurisdiction * * *."

Rule 4(d). *"Order Limiting Issues.* If on the motion judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the parties are not limited at the trial to the facts stated in their affidavits. But in such cases, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not controverted, and direct such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

In the case at bar defendants filed the general issue plea and also a plea that the claim was barred by limitations. In other words, they set up two defenses: (1) that Nardo had never loaned them any money, and (2) that, even if he had, the suit was filed too late.

Defendants also alleged, in their answer to plaintiff's motion for summary judgment, that they had a complete defense to her claim and that there was no genuine dispute as to any material fact. We are bound, however, by the decision in *Frush v. Brooks,* 204 Md. 315, 104 A. 2d 624, that a mere formal denial by the defendant of the plaintiff's claim is insufficient to prevent entry of a summary judgment in favor of the plaintiff. We specifically hold that when the defendant, in answer to a motion for summary judgment, files the general

128

issue pleas, but does not disclose what his defense is to be, his allegation that he has a complete defense to the plaintiff's claim is ineffectual to prevent summary judgment.

Hence, under Rule 4(d) of the Summary Judgment Rules, Judge Cullen should have passed an order limiting the trial solely to the issue of whether the claim was barred by the Statute of Limitations. We are also convinced that the action of Judge Cullen in overruling plaintiff's motion for limitation of issues was prejudicial, because he gave consideration to two issues when he should have considered only one, and his decision was that plaintiff did not prove the existence of the original obligation by a preponderance of the evidence.

Plaintiff produced only one witness, Miss Nardo. On the other hand, Favazza testified that he had never borrowed any money from her father, and that he had never promised to pay him any money. His denial on the stand was in the following language: "We don't talk about money or loans. * * * How you going to say about money * * * when I don't borrow money off this old man?"

Judge Cullen, in a memorandum explaining why he decided in favor of defendants, stated that, since he did not consider the evidence sufficient to prove that the alleged obligation ever existed, it was unnecessary to pass upon the question of limitations.

It was questioned whether plaintiff could recover in this case, even if it were tried again, in view of the fact that Miss Nardo testified that Favazza promised to pay the indebtedness only when the tavern business was sold. It is true that an acknowledgement by the debtor, in order to remove the bar of the Statute of Limitations, must be of a present subsisting debt unaccompanied by any qualification or declaration, which, if true, would exempt the defendant from a moral obligation to pay. But in order to remove the bar of the Statute, it is necessary to show only one of three things: (1) an unconditional promise to pay the debt, or (2) an admission or acknowledgement by the debtor of a subsisting debt

from which a promise to pay may be implied, or (3) a conditional promise to pay the debt and evidence which shows that the condition has been performed or gratified. *Crawford v. Richards,* 197 Md. 289, 293, 79 A. 2d 143. Thus in *Knight v. Knight,* 155 Md. 243, 141 A. 706, this Court held that a statement by a debtor to the creditor that as soon as he sold his business he intended to pay him every cent he owed him, and that he would settle with him as soon as he sold his business, was a sufficient acknowledgement of the debt to remove the bar of the Statute of Limitations.

For the reasons we have stated, we must reverse the judgment entered in the Court below in favor of defendants and awarded a new trial.

*Judgment reversed and case remanded for a new trial, with costs.*