COX *v*. SANDLER'S, INC. ET AL.

[No. 104, October Term, 1955.]

*Decided February 17, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Joseph H. Colvin* for the appellant.

*Frederick J. Green, Jr.,* with whom were *James J. Lindsay* and *G. Dudley Iverson* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Carl Cox, minor, by Myrtle Lewis, his mother and next friend, brought this action in tort in the Baltimore City Court against Sandler's, Inc., a furniture company, and Harry Goldberg, its president, to recover for injuries which he sustained on January 14, 1947, in the course of his employment by defendants.

In his declaration filed on December 31, 1949, plaintiff alleged: (1) that he was employed by defendants to work on a part-time basis in and around their furniture store and storage warehouse located on West 36th Street in Baltimore; (2) that defendants were subject to Ordinance No. 578 of the Mayor and City Council of Baltimore, approved October 31, 1941, requiring that shafts in storage buildings be enclosed and that hoists be equipped with safety devices; (3) that on January 14, 1947, plaintiff was directed to work in and around an open shaft in which an elevator was designed to be installed, and was given a chain or other hoisting device with which to raise or lower furniture through the shaft from one floor to another; (4) that while furniture was attached to the hoisting device, the device broke causing him to fall to the bottom of the shaft and sustain permanent injuries; (5) that his injuries were caused by the negligence of defendants in that they failed to provide enclosures around the shaft and proper hoisting devices with which to perform his duties, and, unknown to him, they were violating the ordinance; and (6) that

his injuries were caused without any negligence on his part contributing thereto.

On February 17, 1950, defendants pleaded: (1) that they did not commit the wrongs alleged; and (2) that plaintiff's injuries arose out of and in the course of his employment by Sandler's, Inc.; that defendants complied with the Workmen's Compensation Act by providing compensation insurance approved by the State Industrial Accident Commission; and that their only liability to plaintiff was for workmen's compensation.

On the same day defendants filed a motion for summary judgment asserting that there was no genuine dispute as to any material fact, and that they were entitled to judgment as a matter of law. The motion was supported by an affidavit, which was made by Goldberg both on his own behalf and as president of Sandler's, Inc., declaring (1) that defendants carried workmen's compensation insurance, which was approved by the State Industrial Accident Commission; (2) that plaintiff's injuries arose out of and in the course of his employment; and (3) that the accident was reported to the compensation insurer as provided by the Workmen's Compensation Act.

On March 2, 1950, plaintiff filed an answer to defendants' motion declaring: (1) that his injuries were caused by defendants' negligence and violation of law; (2) that his remedy is not excluded or governed by the Workmen's Compensation Act; and (3) that there is a genuine dispute as to material facts and defendants are not entitled to judgment as a matter of law.

The Court granted defendants' motion on the ground that the work plaintiff was performing at the time of the accident was extra-hazardous, and accordingly was covered by the Workmen's Compensation Act. In granting the motion the Court said:

> "It may well be that part of the plaintiff's employment would not be considered as extra-hazardous, but it seems to me that under the facts, as stated in the declaration and pleadings in this case, the work the plaintiff was perform-'

ing at the time of the happening of the accident was extra-hazardous, as contemplated by the Workmen's Compensation Act, and that, therefore, the plaintiff's full remedy is under that Act."

The Court thereupon entered judgment in favor of defendants, and plaintiff appealed from that judgment.

Under our Summary Judgment Rules, a party asserting a claim, or a party against whom a claim is asserted, may at any time make a motion for a summary judgment in his favor as to all or any part of the claim on the ground that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. If the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law, summary judgment shall be rendered forthwith. General Rules of Practice and Procedure, part 2, subd. 4, rules 1(a), 4(a); *Frush v. Brooks,* 204 Md. 315, 104 A. 2d 624; *Nardo v. Favazzo,* 206 Md. 122, 110 A. 2d 676.

The question presented on this appeal is whether plaintiff's employment was so clearly extra-hazardous that it can be decided as a matter of law that his only remedy is a claim for workmen's compensation.

It was in 1914 that the Legislature of Maryland enacted the measure for compulsory insurance against accident or death of workmen engaged in extra-hazardous employments in this State. Laws 1914, ch. 800. In the preamble of that Act the Legislature declared:

"*Whereas,* The common law system governing the remedy of workmen against employers for injuries received in extra-hazardous work is inconsistent with modern industrial conditions; and injuries in such work, formerly occasional, have now become frequent and inevitable.

"*Now, Therefore,* The State of Maryland, exercising herein its police and sovereign pow-

er, declares that all phases of extra-hazardous employments be, and they are hereby withdrawn from private controversy, and sure and certain relief for workmen injured in extra-hazardous employments and their families and dependants are hereby provided for, regardless of questions of fault and to the exclusion of every other remedy, except as provided in this Act."

In accordance with the State's expressed policy, the Workmen's Compensation Act, Code 1951, art. 101, sec. 14, provides:

"Every employer subject to the provisions of this Article, shall pay or provide as required herein compensation according to the schedules of this Article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment without regard to fault as a cause of such injury, except where the injury is occasioned by the wilful intention of the injured employee to bring about the injury or death of himself or of another, or where the injury results solely from the intoxication of the injured employee while on duty. * * *

"The liability prescribed by the last preceding paragraph shall be exclusive, except that if an employer fails to secure the payment of compensation for his injured employees and their dependants as provided in this Article, an injured employee or his legal representative in case death results from the injury, may, at his option, elect to claim compensation under this Article, or to maintain an action in the Courts for damages on account of such injury; * * *."

Hence, this Court has definitely stated that the Act substituted for the employer's common-law liability for negligence, subject to his common-law defenses, an absolute

but limited liability regardless of fault, and made this liability upon a conforming employer exclusive. *Baltimore Transit Co. v. State, to Use of Schriefer,* 183 Md. 674, 677, 39 A. 2d 858. The law is plain that where the employer has failed to comply with the Act, the employee has the option of either claiming workmen's compensation or bringing an action at common law for damages. But where an employer has complied with the Act, he can defend an employee's action for damages by filing a plea that he has complied with the Act and therefore is subject to its provisions. *Salvuca v. Ryan & Reilly Co.,* 129 Md. 235, 98 A. 675; *Kramer v. Globe Brewing Co.,* 175 Md. 461, 470, 2 A. 2d 634.

Section 20 of the Act states that workmen's compensation shall be payable for injuries sustained or death incurred by employees in the "extra-hazardous employments" therein specifically enumerated, and then provides: "In addition to the employments set out in the preceding paragraphs, this Article is intended to apply to all extra-hazardous employments not specifically enumerated herein, and to all work of an extra-hazardous nature."

It is thoroughly understood that in a common-law action for damages brought by an employee against his employer for personal injuries sustained in the course of the employment, the court is not bound by the description of the employment but looks further to the particular nature of the work which the employee was doing to determine whether or not his work was in fact extra-hazardous or incidental to the operation of an extra-hazardous enterprise within the Workmen's Compensation Act. *Hart v. Sealtest, Inc.,* 186 Md. 183, 46 A. 2d 293.

In the case before us the pleadings indicate that defendants were operating a store with a supply warehouse which was presumably such as is ordinarily connected with such a store. It is undisputed that at the time plaintiff suffered his accidental injury, the Workmen's Compensation Act did not list employment in a furniture

store as one of the "extra-hazardous employments." At that time the Act designated the following employments as extra-hazardous: "Milling; manufacture of cereals or cattle foods, warehousing; storage; operation of grain elevators." Code 1939, art. 101, sec. 33(29), Code 1951, art. 101, sec. 20(29). Even assuming, without deciding, that storage in a furniture store is "warehousing" or "storage" within the meaning of the Act, yet defendants alleged in the affidavit in support of their motion for summary judgment that plaintiff's injury was in the store. Plaintiff did not controvert this allegation, and we assume it to be true for the purposes of this motion.

Plaintiff explicitly asserted in his answer to the motion for summary judgment that his remedy was not excluded or governed by the Workmen's Compensation Act, and his answer was supported by an affidavit of his mother and next friend. We are of the opinion that it is a question of fact whether the work plaintiff was performing at the time of the accident was extra-hazardous, and that it cannot be held as a matter of law that the work was inherently extra-hazardous.

Of course, plaintiff and defendants had the right to avail themselves of the provision of the Act that any employer, his employee or employees engaged in works not extra-hazardous within the meaning of the Act, may by their joint election, filed with the State Industrial Accident Commission, accept the provisions of the Act, and such acceptances, when approved by the Commission, shall subject them to the provisions of the Act to all intents and purposes as if they had been originally included in its terms. Any workman over the age of 16 may himself exercise the election; while the right of election shall be exercised on behalf of any workman under the age of 16 by his parent or guardian. Code 1939, art. 101, sec. 44; Code 1951, art. 101, sec. 30. But in this case defendants failed to make any allegation that plaintiff, or his parent or guardian, had made an election approved by the Commission. We are therefore of

the opinion that there is a genuine dispute between the parties as to a material fact, namely whether plaintiff's employment was such as to bar him from bringing an action for damages at common law.

For these reasons we hold that the Court below erred in entering summary judgment in favor of defendants. We will accordingly reverse the judgment and remand the case for further proceedings.

*Judgment reversed and case remanded, with costs.*