BROWN *v.* STATE

[No. 150, September Term, 1962.]

*Decided January 29, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Alexander Stark* for the appellant.

*Harrison M. Robertson, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Charles E. Moylan, Jr., Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

Ralph P. Brown, the appellant, and LeRoy A. Barnes, were tried together on March 27, 1962, by the Criminal Court of Baltimore without a jury on three indictments charging robbery with a deadly weapon—No. 489 charging Barnes alone with robbing Frederick L. Harris; No. 490 naming Brown alone as the traverser and Edgar Otto as the victim; and No. 491 charging both Brown and Barnes with robbing Merrill Wood. A finding of guilt was made in each case. From his conviction in No. 490, Brown appeals, alleging as errors the

failure of the trial court to sever the cases, the failure of the State to give him a lie detector test after he had consented to take it, the admission into evidence of a pre-trial identification of him by the robbery victim, and the failure of his trial counsel (who is not his counsel on appeal) to fully develop his case.

Not one of the grounds relied on was raised below, and none is available to the appellant here.

Maryland Rule 885 provides: "This Court will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the lower court." There is no indication in the record of a motion by the appellant's trial counsel to sever the cases, nor is there anything to suggest that the trial court should have severed the cases on its own volition pursuant to Rule 735. The point, therefore, is not reviewable. *Kares v. State,* 215 Md. 396; *Davis v. State,* 189 Md. 269. *Cf. Mylander v. Page,* 162 Md. 255, 261.

Likewise, appellant's second and third contentions—that he was denied the right, he says was his, to take a lie detector test which he had agreed to take and that evidence of a pre-trial identification (a line-up where the appellant was identified when he appeared for the first time with the second group to be shown to the victim) was improperly admitted — cannot now be raised, there having been no objection made to the lower court on either point. Rules 725 b and 885. *Martel v. State,* 221 Md. 294; *Briley v. State,* 212 Md. 445. In any event, he does not point out how he was hurt by not being given the lie detector test.

Appellant's last contention is that he was prejudiced by the failure of his trial counsel to avail himself of the right of cross-examination of pertinent witnesses, to make proper and timely objections, and to summon all available witnesses in the appellant's behalf. It would appear that his lawyer conducted the case as the best interests of his client then appeared to him to dictate. If he made tactical errors, it is established that those errors are not, as such, reviewable on appeal. *Woodell v. State,* 223 Md. 89, and cases therein cited. This

Court is urged to review, *sua sponte,* the conduct of the case by counsel in order to correct what appellant says were plain errors which may have amounted to a denial of due process. We think it plain that there was no lack of due process arising from alleged incompetence of counsel and, therefore, no need for appellate action. *Woodell v. State, supra.*

*Judgment affirmed.*