## LEWIS *v.* STATE

[No. 429, September Term, 1963.]

*Decided* July 9, 1964.

The cause was argued before the entire Court.

*Joseph G. Finnerty, Jr.,* for the appellant.

*David T. Mason, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Charles E. Moylan, Jr., Deputy State's Attorney,* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

Appellant was charged in seven indictments (Nos. 1853-1859) with robbery: three of said indictments charging simple robbery and four armed robbery. In all of these cases, a codefendant, Claude Street, was also charged. Rosetta Green was also named as a codefendant with appellant and Street in No. 1854 only, and one Smith was named a codefendant with them in No. 1857 only. Street, alone, was also charged in indictments Nos. 1860 and 1861 with armed robbery and in indictment No. 1862 with larceny. Each of said indictments charged separate offenses at different times and places. All of the cases were tried at the same time in the Criminal Court of Baltimore by a judge, sitting without a jury. The State entered a stet as to indictment 1853, and the record extract does not disclose the disposition of 1855; presumably appellant was acquitted as to the charge contained therein. He was convicted under indictments 1854 and 1856 through 1859.

Before any testimony was taken, the following colloquy took place between the court and counsel:

(Mr. Cole) "I move for a severance as to Rosetta Green."

(The Court) "Overruled."

(Mr. Moylan, assistant State's Attorney) "We are going to try Indictments No. 1853 through No. 1862 with respect to all Defendants except the Defendant William Leonard Smith."

(Mr. Levin) "I don't know anything about the Smith case. I understood you were going to try all of the cases. I would like to know why we are not going to try all of them in the light of the previous ruling?"

(The Court) "I don't know. The State's Attorney is trying the case."

(Mr. Moylan) "Because the State intends to use this-Defendant as a State's witness; * * *."

(Mr. Levin) "I would like to take an exception to the Court's ruling requiring all of the cases to be tried together."

Maryland Rule 734 provides that "The court may order two or more indictments to be tried together if the offenses and the defendants, if there be more than one, could have been joined in a single indictment." The Rule is couched in simple language and its purpose apparent: to save the time and expense of separate trials under the circumstances named in the Rule, if the trial court, in the exercise of its sound discretion deems a joint trial meet and proper. Maryland Rule 716 a states that two or more offenses may be charged in the same indictment in a separate count for each offense; and 716 b provides "Two or more defendants * * * may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and it shall not be necessary to charge all the defendants in each count."

A consideration of the above rules makes it obvious that the trial court did not have the right to require the appellant, over his objection, to be tried at the same time *all* of the other offenses were. As we see it, the trial judge, if he found that neither the accused nor the State should be prejudiced by a joinder for trial as provided in Rule 735, could have properly ordered a joinder for trial of indictments 1853, 1856, 1858 and 1859 (wherein appellant and Street alone were charged), for these defendants could have been charged with all of the offenses in one indictment by using separate counts under the provisions of Rule 716 a and b and Rule 734, both *supra*. However, the trial court erred in requiring a joinder for trial of the above indictments with indictments 1854, 1857, 1860, 1861 and 1862. In 1854, all of the defendants named therein were not "alleged to have participated in the same act or transaction or in the same

series of acts or transactions" which constituted the offenses in indictments 1853, 1855, 1856, 1857 and 1858 through 1862; hence all of the defendants could not properly have been indicted in one indictment, even though separate counts were used. And this, likewise, applies to indictment 1857. Indictments 1860, 1861 and 1862 charged Street, alone, with offenses unrelated to the offenses charged in the other indictments. Again, it would not have been proper to have charged Street with the offenses named in these indictments and the other defendants with the crimes named in the other indictments in one indictment.

Plainly, the joinder for trial of all the cases was contrary to the provisions of the Maryland Rules mentioned above; consequently, the judgments must be reversed and the cases remanded for new trials. What we have said, of course, does not in any way prevent the consolidation of cases for trial by consent of the parties.

*Judgments reversed and cases remanded for new trials.*

HAMMOND, J., filed the following dissenting opinion.

I dissent because there does not appear to have been real objection by Lewis to having his cases tried with the others and there was no showing of prejudice in this case tried before the court without a jury because they were. *Taylor v. State,* 187 Md. 306; *Peters and Demby v. State,* 187 Md. 7; *Brown v. State,* 230 Md. 467.