## GUERASSIO, ET AL. *v.* AMERICAN BANKERS CORPORATION

[No. 29, September Term, 1964.]

*Decided November 12, 1964.*

The cause was argued before HENDERSON, C. J., and PRESCOTT, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Morgan L. Amaimo,* with whom was *R. Lewis Bainder* on the brief, for appellants.

*Paul Walter* for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellants, Catherine Guerassio and Charles Biondo, were interested in the operation of a restaurant in Baltimore known as the Palmer House. Although, from the record before us, the facts are meager concerning the transaction, it appears that appellants were desirous of obtaining certain restaurant equipment. This equipment consisting of a freezer, tables and chairs was supplied by the Herman A. Levy Company in Baltimore, and through a financial arrangement with the appellee, American Bankers Corporation, was leased by it to the appellant Guerassio. The equipment lease, dated August 16, 1963, provided for monthly rental payments to be paid by Mrs. Guerassio beginning on the 10th day of each month following the date of the lease. Biondo, the other appellant, executed and delivered to appellee a written lease guaranty under which he guaranteed the performance by Mrs. Guerassio of the lease. The equipment was delivered to the location indicated in the lease and the appellant Biondo executed a written acknowledgment and acceptance of delivery of the items of equipment.

The lease was for two years and the payments were in the amount of $92.67. A clause in the lease provided that the entire unpaid amount of monthly payments would become due in case of default. The appellant Guerassio defaulted and on October 4, 1963, the appellee filed its declaration to which was attached the lease as Exhibit A, for recovery of the full amount provided in the lease, motion for summary judgment, statement of account, affidavit in support of motion for summary judgment, and notice to plead. Both appellants filed their answer to plaintiff's motion for summary judgment, general issue pleas in assumpsit, and affidavit in support of pleas and in opposition to plaintiff's motion for summary judgment. On December 19, 1963, appellee filed its request for hearing on its motion for summary judgment, and on February 3, 1964, filed its supplemental affidavit in support of plaintiff's motion for summary judgment. On February 4, 1964, after hearing in open court, the appellee's motion for summary judgment was granted and judgment was made absolute in favor of the appellee in the amount of $2297.66, with interest from date, and costs, against both appellants. This appeal followed.

The appellants contend that the pleadings and affidavits on file showed that the appellee was not entitled to a summary judgment because: (a) there was a genuine dispute as to material facts in that the items of merchandise leased by the appellee to the appellants as per contract were at variance with the items of merchandise which the appellants contracted to lease from the appellee, and (b) there was no valuable consideration passing from the appellants to the appellee at the time of the execution of the contract.

Appellee's pleadings and affidavits set out prima facie the elements necessary to entitle it to a summary judgment as a matter of law. Thereupon, appellants were required either to discredit appellee's averments as untrue or to specify evidence which would give rise to a triable issue of material fact. Appellants' pleadings and affidavits do not discredit appellee's averments as untrue. The only issue, therefore, is whether appellants have specified some opposing evidence which would raise a triable issue of material fact. Such evidence must be indicated to the court in the form of an affidavit or deposition in support of the answer to the motion stating a fact or facts which would negative the appellee's right to a summary judgment. Maryland Rule 610 a 3; *Molesworth v. Schmidt,* 196 Md. 15, 20, 75 A. 2d 100. Appellants' answer to plaintiff's motion for summary judgment was merely a naked assertion that there is a genuine dispute between the parties as to the material facts of the matter. In addition, the appellants filed only the general issue plea in assumpsit and nothing further. We find the "Answer" and the "Pleas" do not show in detail and with precision that there was a genuine issue of material fact and are, therefore, insufficient to raise such issue and ineffectual to prevent a summary judgment. *Mullan Co. v. International Corp.,* 220 Md. 248, 151 A. 2d 906; *Frush v. Brooks,* 204 Md. 315, 104 A. 2d 624.

In appellants' affidavit in support of pleas and in opposition to plaintiff's motion for summary judgment, they allege that the items of merchandise delivered and accepted by appellants were not those items listed in the equipment lease. However, appellants' acknowledgment and acceptance of delivery executed and delivered to appellee by Biondo provides: "We hereby ac-

knowledge that on the date indicated below we received and accepted delivery of all the equipment described in the Equipment Lease referred to above." The lease in paragraph 9 pro· vides:

> "Unless within 48 hours after receipt of the Equipment, LESSEE gives LESSOR written notice specifying any defect in or other valid objection to the Equipment, it shall be conclusively presumed, as between the LESSOR and the LESSEE, that the Equipment is acknowledged to be in good condition and that LESSEE has accepted and is satisfied that the Equipment constitutes the Equipment specified in the Lease."

Thus, in view of this provision, acknowledgment, and the averments in the plaintiff's supplemental affidavit in support of its motion for summary judgment filed before the hearing in the lower court, which indicated that no notice was ever given at the time of the delivery or as provided in the lease, we find that a variance did not exist that would raise a genuine dispute as to any material fact. *Cox v. Sandler's, Inc.,* 209 Md. 193, 197, 120 A. 2d 674; *Nardo v. Favazza,* 206 Md. 122, 110 A. 2d 676; *Frush v. Brooks, supra.*

The second item set out in appellant's affidavit in support of pleas and in opposition to plaintiff's motion for summary judgment alleges that no valuable consideration passed from the appellants to the appellee at the time of the execution of the contract. Assuming without deciding that this would be a valid defense, the lease and the lease guaranty show sufficient consideration. The consideration passing from appellant Guerassio to appellee was her promise to be bound by and abide by the terms, conditions, and covenants of the lease agreement; and the consideration passing from appellant Biondo to appellee was his promise to guarantee the performance by Mrs. Guerassio of the terms and conditions undertaken by her in the lease, and his further agreement to indemnify appellee in accordance with the guaranty agreement. *Restatement, Contracts* § 75 (1932).

On this appeal, the appellants orally and in their brief for the first time make two additional contentions. The first of these is that the original affidavit by Harry Polansky, appellee's sec-

retary, was defective in that it did not state that he was competent to testify to the matters stated therein. In passing it may be observed that the lease discloses that it was executed on behalf of the appellee by Polansky as its secretary. However, appellants were required to raise whatever issues they desired to interpose to the motion at or before the time of hearing in the trial court by affidavit or deposition. Rule 610 a 3, *supra*. At any rate this question can not now be raised. The appellants finally contend that the court below converted the equipment lease into a contract of sale. No complaint was made below concerning this claim thus appellants may not overturn a summary judgment by raising here an issue that was not plainly disclosed as a genuine issue in the trial court. Maryland Rule 885 ; *Brown v. State*, 230 Md. 467, 187 A. 2d 683 ; *Martel v. State*, 221 Md. 294, 157 A. 2d 437 ; *Wirth v. Wirth*, 192 Md. 21, 63 A. 2d 312. Counsel for the appellee stated in the argument before us that the appellant would be entitled to the use of the equipment for the period of the lease.

*Judgment affirmed, with costs.*