## JOHN EDWARD MAHONEY *v.* STATE OF MARYLAND

[No. 293, September Term, 1968.]

*Decided March 25, 1969.*

*John T. Bell (Charles W. Bell* on the brief) for appellant.

---

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, State's Attorney for Montgomery County,* and *Barry H. Helfand, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

PER CURIAM.

The appellant was charged with offenses against the person and property of Michael James Brewer, each alleged to have been committed on the same date, by an indictment containing seven counts. The crimes charged included robbery with a deadly weapon (1st count), grand larceny (6th count) and receiving stolen goods (7th count). Prior to trial he moved for dismissal of the 7th count because "a person cannot be both a thief and a receiver. It is improper, it is prejudicial to the defendant to charge him with both being a thief and a receiver." The motion was denied. He went to trial before a jury in the Circuit Court for Montgomery County. At the close of the evidence offered by the State, the State "abandoned" all counts except the first one. The jury found the appellant guilty and he was sentenced to the jurisdiction of the Department of Correction for a period of 20 years.

The only question presented on appeal is, "Was the appellant denied due process of law under the Fourteenth Amendment of the United States Constitution by being indicted as both a thief and a receiver?" The answer is no. The count charging larceny and the count charging receiving stolen goods were not misjoined as they were "of the same general nature" and permitted "the same mode of trial." *Thomas v. State,* 215 Md. 558; Md. Rule 716a. See *Lewis v. State,* 235 Md. 588; *McLaughlin v. State,* 3 Md. App. 515. The matter of a misjoinder is generally left to the discretion of the trial court. *Simmons v. State,* 165 Md. 155. No prejudice to the appellant has been shown and there was no abuse of the trial court's discretion. Therefore, the trial court did not err in denying the motion to dismiss the count charging receiving stolen goods and the appellant was not denied due process of law.

*Judgment affirmed.*