## METROPOLITAN MORTGAGE FUND, INC. *v.*
## GEORGE BASILIKO ET UX.

[No. 134, September Term, 1979.]

*Decided June 12, 1980.*

The cause was argued before SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Robert A. Wallace* for appellant.

*Leonard C. Collins* for appellees.

DIGGES, J., delivered the opinion of the Court.

In the present case, we face a narrow question: On appeal from a final judgment entered following a full trial of the general issue, may the correctness of a pretrial denial of a summary judgment, other than for abuse of discretion, be reviewed? Our short answer is no.

Petitioner Metropolitan Mortgage Fund, Inc. in November 1972 made a loan of $2,407,600 to Crown Oil and Wax Company. This indebtedness was evidenced by two notes and secured by a deed of trust on real property owned by the borrower in Montgomery County, Maryland. As additional security, payment of the notes was guaranteed by John J. and Connie Gilece, as well as by the respondents, George and Sophia Basiliko. When, upon default, foreclosure of the deed of trust produced an alleged deficiency of $189,059.22, suit claiming that amount was filed by Metropolitan in the Circuit Court for Montgomery County against the Gileces and the Basilikos. This action sounded in contract and declared on the common counts, as well as on a special count alleging breach of the written payment guarantee agreements. Accompanying the *narr.* filed by the petitioner was a summary judgment motion which, as required by Maryland Rule 610 a 3, was supported by an affidavit. In response, the defendants filed, in addition to pleas, affidavits in opposition to the plaintiff's summary judgment request. Later, when Metropolitan substituted a second motion for summary judgment (supported by a new affidavit reducing its claim to $139,531.22 and interest), the defendants again responded with an affidavit by which they purported to

allege the existence of a dispute with respect to relevant facts between the parties. A third such motion was filed by Metropolitan and remained unanswered at the time the trial judge effectively denied all the summary judgment motions on November 4, 1976. This action of the trial court was followed nearly seven months later by the Basilikos filing an additional plea (not objected to) denying execution by them of the note payment agreements. At a non-jury trial on the merits, the trial judge, based on factual findings that included a determination that the Basilikos had not signed the two note payment guarantee agreements, entered judgment in favor of Metropolitan against the Gileces for $120,649.51, but in favor of the Basilikos for costs with respect to petitioner's claims from them. On Metropolitan's appeal to the Court of Special Appeals from this judgment in favor of the Basilikos, that court affirmed; we granted certiorari restricted, however, to determining the scope of appellate review of the denial of a summary judgment motion following the entry of a final judgment on the merits.

Although neither Maryland Rule 610, regulating summary judgment procedure in this State, nor the prior decisions of this Court, respond specifically to the query posited here, there does exist considerable authority which, with seeming unanimity, supplies the answer to the issue as it pertains to the federal counterpart of our rule. In this regard, therefore, it is appropriate that we once again recall that this State's summary judgment procedure was adopted from a similar federal rule. Consequently, interpretations of Fed. R. Civ. P. 56 are very persuasive as to the meaning of Md. Rule 610. *White v. Friel,* 210 Md. 274, 285, 123 A.2d 303, 308 (1956); *Frush v. Brooks,* 204 Md. 315, 321, 104 A.2d 624, 626 (1954). See in addition the Explanatory Notes of the Reporter to the second report of the Court of Appeals Standing Committee on Rules of Practice and Procedure, dated August 19, 1947, printed as an appendix in the Maryland Code (1939, 1947 Cum. Supp.), p. 2093, at 2113-14. For a comprehensive discussion of Md. Rule 610, see C. Brown, *Summary Judgment in Maryland,* 38 Md. L. Rev. 188 (1979).

The federal authorities to which we allude make plain

that whereas a "court cannot draw upon any discretionary power to grant summary judgment" (6 Pt. 2 *Moore's Federal Practice* ¶ 56.15[6], at 56-601 (2d. ed. 1980)), it, ordinarily, does possess discretion to refuse to pass upon, as well as discretion affirmatively to deny, a summary judgment request in favor of a full hearing on the merits; and this discretion exists even though the technical requirements for the entry of such a judgment have been met. *Virgil v. Time, Inc.,* 527 F.2d 1122, 1131 n. 15 (9th Cir. 1975), *cert. denied,* 425 U.S. 998 (1976); *Western Chain Co. v. American Mut. Liability Ins. Co.,* 527 F.2d 986, 990 (7th Cir. 1975); *Williams v. Howard Johnson's, Inc. of Washington,* 323 F.2d 102, 104-05 (4th Cir. 1963); *Safeway, Inc. v. Johnson,* 311 F.2d 387, 388 (5th Cir. 1962); *National Screen Serv. Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir. 1962); *Fine v. City of New York,* 71 F.R.D. 374, 375 (S.D.N.Y. 1976); *John Blair & Co. v. Walton,* 47 F.R.D. 196, 197 (D. Del. 1969); *Continental Can Co. v. Crown Cork & Seal, Inc.,* 39 F.R.D. 354, 356-57 (E.D. Pa. 1965); *Turner v. McWhirter Material Handling Co.,* 35 F.R.D. 560, 563 (N.D. Ga. 1964); *Anthony Grace & Sons, Inc. v. United States,* 345 F.2d 808, 810 (Ct. Cl. 1965), *rev. on other grounds,* 384 U.S. 424 (1966); 6 Pt. 2 *Moore's Federal Practice,* ¶¶ 56.15[6], at 56-601; 56.23, at 56-1390-91 (2d. ed. 1980); 10 C. Wright & A. Miller, *Federal Practice and Procedure: Civil,* § 2728, at 554-55 (1973 & 1980 Supp.).

It is essential to the entry of a summary judgment that there be no dispute as to any material fact. The procedure is not a substitute for a trial, but is merely a preview to determine whether there exists a factual controversy requiring a trial. *Impala Platinum v. Impala Sales,* 283 Md. 296, 326, 389 A.2d 887, 904-05 (1978); *White v. Friel,* 210 Md. at 285-86, 123 A.2d at 308. Thus, while Md. Rule 610 d 1 states that when a movant is entitled to judgment as a matter of law, the court should render judgment forthwith, this does not mean that entry of judgment may not be delayed until after a trial on the merits, should, in the court's mind, the promotion of justice require it. *See Dev. Sales Co. v. McWilliams,* 254 Md. 673, 677, 255 A.2d 1, 3-4 (1969); *Jacobson v. Julian,* 246 Md. 549, 553-54, 229 A.2d

108, 112 (1967).[1] It is our view that an appellate court should be loath indeed to overturn, on a very narrow procedural ground, a final judgment on the merits entered in favor of the party resisting the summary judgment motion. This is aptly demonstrated by the present case where, after a full evidentiary hearing, the court determined that respondents' signatures to the guarantee agreements were not genuine. To turn the tables in this manner would be nothing short of substituting a known unjust result for a known just one. In making this statement we are not unaware that there exists a few decisions of this Court which have, without discussing the precise issue we address here, reversed the denial of a summary judgment motion and, in effect, directed the entry of such a judgment following a contrary factual finding when the action was tried on its merits. See, e.g., *Melbourne v. Griffith,* 263 Md. 486, 283 A.2d 363 (1971); *Nardo v. Favazza,* 206 Md. 122, 110 A.2d 676 (1955). To the extent that these and similar cases indicate a holding contrary to that announced here, we decline to follow them.

Consequently, we now hold that a denial (as distinguished from a grant) of a summary judgment motion, as well as foregoing the ruling on such a motion either temporarily until later in the proceedings or for resolution by trial of the general issue, involves not only pure legal questions but also an exercise of discretion as to whether the decision should be postponed until it can be supported by a complete factual record; and we further hold that on appeal, absent clear abuse (not present in this case), the manner in which this discretion is exercised will not be disturbed.

*Judgment of the Court of Special Appeals affirmed.*
*Costs to be paid by the petitioner.*

---

1. Thus, in Driver v. Potomac Electric, 247 Md. 75, 79, 230 A.2d 321, 324 (1967) (although approving the granting of summary judgment) this Court observed that "[u]sually it is neither advisable nor practicable to enter a summary judgment in a tort action;" and because of their seriousness and frequent complexity, constitutional issues should generally be decided only after a full and complete factual picture has been developed and not "on mere conclusions of the pleadings." Lawrence v. Dept. of Health, 247 Md. 367, 231 A.2d 46, 49 (1967).