559 A.2d 371

**Alice Joyce FOY**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA et al.**

**No. 106, Sept. Term, 1988.**

Court of Appeals of Maryland.

June 19, 1989.

Samuel M. Grant (David J. Preller, Sr., Preller and Preller, all on brief), Baltimore, for appellant.

Thomas M. Wood, IV (Peter F. Axelrad, William L. Reynolds, Brian L. Wallace, Frank, Bernstein, Conaway & Goldman, all on brief), Benson Everett Legg (Venable, Baetjer and Howard, both on brief), Baltimore, for appellees.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ., and

MARVIN H. SMITH, Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

MARVIN H. SMITH, Judge, Specially Assigned.

We shall here hold that a trial judge erred when he entered summary judgment in favor of all defendants as to all counts of a complaint based on the fact that the subject matter was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff had included a well-pleaded count in her complaint based specifically on ERISA. In the view we take of this case in the light of the way it reaches us procedurally we do not reach the interesting question of how the ERISA plan in question should be construed.

David Brian Fox, son of Mrs. Alice Joyce Foy, the appellant, died in a motorcycle accident on June 23, 1985. At the time of his death Fox was an employee of appellee Locke Insulators, Inc. Included in Locke's program of employee benefits was the opportunity to purchase various forms of insurance under the Insurance Plan for Hourly Employees. The insurance was underwritten by another appellee, The Prudential Insurance Company of America. It provided a group policy for Locke.

On January 15, 1985, Fox signed a form entitled "Locke Insulators, Inc. Personal Accident Insurance." The amount of insurance he chose was $150,000. Mrs. Foy was named as the beneficiary of the policy. Locke and Prudential accepted insurance premiums on the policy from January, 1985, to June, 1985, when Fox died. Fox never received notice from Locke or Prudential of any irregularity in his insurance policy.

Upon Mrs. Foy's application for death benefits after her son's death, Prudential paid $100,000 to her, but refused to pay the remaining $50,000. It tendered a check for $15.18 which represented the amount of premiums for the additional $50,000 in insurance coverage. Mrs. Foy has never cashed the check which is now held by her attorney.

Prudential and Locke assert that Fox was eligible for a maximum of $100,000 in personal accident insurance, and thus that the $150,000 policy was improperly issued. The maximum amount clause in question states in relevant part:

"Maximum amount ... shall not exceed either

"(a) The greater of (i) $100,000 and (ii) five times his annual earnings, or

"(b) $250,000."

The salary of Fox was between $18,000 and $19,000 per year at the time of his death. From this it is the contention of Mrs. Foy that the maximum amount of insurance was $100,000 plus five times the annual earnings, an amount in excess of $150,000. On the other hand, appellees contend that the maximum was $100,000 because the maximum was whichever was the greater, $100,000 or five times his annual earnings, with no more than $250,000 to be obtained in any event.

Mrs. Foy sued Locke and Prudential in the Circuit Court for Baltimore City. The complaint sought damages for common law breach of contract. Prudential asserted, among other defenses, that Mrs. Foy's claim was preempted by ERISA.[1] After Mrs. Foy completed her discovery she filed a motion for summary judgment as well as a second amended complaint adding an ERISA count. In due season a third amended complaint was filed which added Locke Insurance Plan for Hourly Employees, another appellee here, as a defendant and asserted an ERISA claim against it.

A hearing on the motion for summary judgment was held. Unfortunately, there appears to have been no court reporter present. The ruling of the trial judge, made in writing, reads in its entirety:

---

1. 29 U.S.C. § 1144(a) (1982) states in pertinent part:
"[T]he provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in Section 1003(a)...."
This was such a plan.

"Plaintiff's Motion for Summary Judgment DENIED as to all counts. Subject matter preempted under federal ERISA statute.

"Judgment entered in favor of all defendants as to all counts. Maryland Rule 2-501(e)."

This appeal followed. We issued a writ of certiorari on our own motion prior to a hearing in the Court of Special Appeals. Mrs. Foy concedes that ERISA preempts the original common law contract count.

It is asserted that the presence of an ERISA count was brought to the attention of the trial judge who heard the motion. It appears not to have occurred to counsel that a motion might have been filed specifically noting this fact and asking the trial judge to clarify his ruling.

■ Summary judgment procedure is not a substitute for a trial, but is merely a preview to determine whether there exists a factual controversy requiring a trial. *Metropolitan Mtg. Fd. v. Basiliko*, 288 Md. 25, 28, 415 A.2d 582, 584 (1980) (citing *Impala Platinum v. Impala Sales*, 283 Md. 296, 326, 389 A.2d 887 (1978), and *White v. Friel*, 210 Md. 274, 285–86, 123 A.2d 303 (1956)).

■ Where the moving party has set forth sufficient grounds for summary judgment, the party opposing the motion must show with some precision that there is a genuine dispute as to a material fact. *Liscombe v. Potomac Edison Co.*, 303 Md. 619, 633, 495 A.2d 838, 845 (1985) (citing *Brown v. Suburban Cadillac, Inc.*, 260 Md. 251, 255, 272 A.2d 42, 44 (1971)). If there is any genuine dispute as to any material fact, summary judgment would not properly be granted. *Washington Homes v. Inter. Land Dev.*, 281 Md. 712, 716, 382 A.2d 555, 557 (1978). In *Fenwick Motor Co. v. Fenwick*, 258 Md. 134, 265 A.2d 256 (1970), Judge J. Dudley Digges said for the Court:

"In a summary judgment proceeding even where the underlying facts are undisputed, if those facts are susceptible of more than one permissible inference, the choice between those inferences should not be made as a matter

of law, but should be submitted to the trier of fact. *McDonald v. Burgess*, 254 Md. 452, 454, 255 A.2d 299 (1969); *Liebergott v. Investment Bldg.*, 249 Md. 584, 241 A.2d 138 (1968); *Reeves v. Howar*, 244 Md. 83, 90, 222 A.2d 697 (1966); *M. & C.C. v. Allied Contractors*, 236 Md. 534, 544, 204 A.2d 546 (1964); *Roland v. Lloyd E. Mitchell, Inc.*, 221 Md. 11, 14, 155 A.2d 691 (1959); *White v. Friel*, 210 Md. 274, 285–86, 123 A.2d 303 (1956)." 258 Md. at 138, 265 A.2d at 258.

Although a trial court is allowed discretion to *deny* a motion for summary judgment in favor of a full hearing on the merits, a court cannot draw upon any discretionary power to *grant* summary judgment. *Basiliko*, 288 Md. at 28, 415 A.2d at 583. In that case, Judge Digges again wrote for the Court and said:

"[W]hile Md.Rule 610 d 1 states that when a movant is entitled to judgment as a matter of law, the court should render judgment forthwith, this does not mean that entry of judgment may not be delayed until after a trial on the merits, should, in the court's mind, the promotion of justice require it. *See Dev. Sales Co. v. McWilliams*, 254 Md. 673, 677, 255 A.2d 1, 3–4 (1969); *Jacobson v. Julian*, 246 Md. 549, 553–54, 229 A.2d 108, 112 (1967).... [W]e are not unaware that there exists a few decisions of this Court which have, without discussing the precise issue we address here, reversed the denial of a summary judgment motion and, in effect, directed the entry of such a judgment following a contrary factual finding when the action was tried on its merits. See, e.g., *Melbourne v. Griffith*, 263 Md. 486, 283 A.2d 363 (1971); *Nardo v. Favazza*, 206 Md. 122, 110 A.2d 676 (1955). To the extent that these and similar cases indicate a holding contrary to that announced here, we decline to follow them.

"Consequently, we now hold that a denial (as distinguished from a grant) of a summary judgment motion, as well as foregoing the ruling on such a motion either

temporarily until later in the proceedings or for resolution by trial of the general issue, involves not only pure legal questions but also an exercise of discretion as to whether the decision should be postponed until it can be supported by a complete factual record. . . ." 288 Md. at 28–29, 415 A.2d at 584.

The motions judge in this case erred in granting a motion for summary judgment for the defendants based upon preemption by ERISA when there was an ERISA count. Appellant would now have us decide this case in her favor on the merits but that would amount to a determination on our part that summary judgment should have been granted in her favor. It follows from our holdings in *Fenwick* and *Basiliko* that ordinarily no party is entitled to a summary judgment as a matter of law. It is within the discretion of the judge hearing the motion, if he finds no uncontroverted material facts, to grant summary judgment or to require a trial on the merits. It is not reversible error for him to deny the motion and require a trial. Since the motions judge did not grant summary judgment in favor of Mrs. Foy and ordinarily no party is ever entitled to summary judgment as a matter of law, it would be improper for us to determine how the motions judge might have exercised his discretion and now determine that summary judgment should have been granted in favor of the plaintiff. Accordingly, in this case we shall reverse the grant of summary judgment and remand for further proceedings consistent with this opinion.

Upon the remand the trial court will be governed by *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. ——, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), which has recently laid down the standard of review for ERISA plans.

JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO ABIDE THE FINAL RESULT.