UNITED STATES of America, for the use and benefit of GREENVILLE EQUIP-MENT COMPANY, Inc., a corporation, Plaintiff,

v.

UNITED STATES CASUALTY COMPA-NY, a corporation, Ivey Brothers Construction Company, Inc., a corporation, and James Stewart & Co., Inc., a corporation, Defendants.

Civ. A. No. 2096.

United States District Court
D. Delaware.

Feb. 2, 1960.

James L. Latchum (of Berl, Potter & Anderson), Wilmington, Del., for plaintiff.

Albert W. James and Arthur J. Sullivan, Wilmington, Del., for defendants.

STEEL, District Judge.

Greenville Equipment Co., Inc., as the lessor of a crane used in the prosecution of a construction contract between the general contractor and the United States, began an action in the name of the United States under the Miller Act. 40 U.S.C.A. § 270a et seq. The defendants are Ivey Brothers Construction Company, Inc., the general contractor, United States Casualty Company, surety on the payment bond, and James Stewart & Co., Inc. Stewart completed the job as agent and attorney for Ivey when the latter was unable to complete it. The complaint purports to allege three causes of action, the natures of which are hereinafter stated.

The motion to dismiss, being supported by an affidavit and being resisted by answers of defendants to interrogatories and requests to admit, has the status of a motion for summary judgment.

■ The motion of defendant James Stewart & Co., Inc., to dismiss the action as to it, is granted. Stewart's relationship to the suit is referred to only in Paragraph 9 of the complaint. There it is alleged that the defendant Ivey, with the consent of the defendant surety company, appointed Stewart as its agent and attorney-in-fact to complete the construction work under the contract with the United States Government and that by virtue of such appointment Stewart is joined as a party "to be bound hereby and as its interest may appear." The status of Stewart is not significantly clarified either in the answers of defendants to plaintiff's interrogatories or in the answers of defendants to plaintiff's request for admissions. Accordingly, no possible basis for liability on Stewart's part has been pleaded or otherwise established.

The motion of the defendants Ivey and the United States Casualty Company to dismiss the first cause of action in part, and the third cause of action in its entirety, is denied without prejudice to the rights of the parties to re-assert later in the litigation any and all of the points which they have relied upon in connection with the motion.

■ The validity of the second cause of action, as pleaded, is not challenged by defendants. It alleges that when the crane which plaintiff had leased to Ivey was returned to plaintiff, repairs were required to be made as a result of its use by Ivey in the prosecution of its work under the Government contract. Plaintiff claims that because of the terms of the lease it is entitled to recover the cost of these repairs under the Miller Act. The answer denies that the repairs to the crane were required because of its use by Ivey, and alleges that if repairs were necessary, it was because of wear and tear incident to normal usage.

The second cause of action will have to be tried regardless of what disposition is made of the motion of defendants addressed to the first and third causes of action.

In the third cause of action plaintiff claims the reasonable value of the use of the equipment during the time when it was being repaired by plaintiff and unavailable for use. The motion of defendants addressed to the third cause of action raises the legal question whether in the context of the contract between the parties consequential damages are recoverable under the Miller Act. This legal question will become academic if the second cause of action is decided in favor of the defendants. Obviously, if Ivey is under no liability to reimburse plaintiff for the cost of repairs, plaintiff is not entitled to recover the reasonable rental value of the crane while it was being repaired.

In the first cause of action plaintiff asserts liability against defendant for the agreed upon monthly rental of $1,500 for the period October 1, 1958 to November 28, 1958.[1] As one defense the defendant has pleaded the termination of the lease as of September 30, 1958. As a second defense the defendant contends that since the rental accrued during a period when, to plaintiff's knowledge, the crane was not being used in the prosecution of the Government work, no recovery can be had under the Miller Act. The basic fact issue of the second cause of action, i. e., whether the crane suffered injuries while in Ivey's possession beyond those normally incident to the wear and tear of operation, may have an important bearing upon the validity of the termination defense. When Ivey purported to terminate the lease, plaintiff refused to accept delivery of the crane claiming that it had been damaged during the period of its use by Ivey. If the termination defense is valid, the legal issue involved in the second defense will be moot.

1. Actually, the complaint seeks to recover rent from September 15 to November 28, 1958. However, prior to suit Ivey had mailed to plaintiff its check covering the rental for the period September 15 to September 30, 1958 and the check was never returned.

In short, a resolution of the legal questions raised by the motion will not perceptibly shorten the trial. On the other hand, a determination at trial of the fact issues may eliminate the need for deciding the legal questions which defendants' motion raises. In these circumstances it is particularly appropriate that the Court, in the exercise of its discretion, deny the motion without prejudice. See 6 Moore's Federal Practice (2d Ed.) § 56.15 at pp. 2159–2160.