**JOHN BLAIR & COMPANY, a Delaware corporation, Plaintiff,**

v.

**Robert J. WALTON, Defendant.**

**Civ. A. No. 3467.**

United States District Court

D. Delaware.

June 6, 1969.

James T. McKinstry, Wilmington, Del., for plaintiff.

Andrew G. T. Moore, II, Wilmington, Del., for defendant.

## OPINION

STEEL, District Judge.

This action originally was begun in the Court of Chancery of Delaware, by John Blair & Company, a Delaware corporation with its principal place of business in New York, against Robert J. Walton, a citizen of Illinois. Defendant duly removed the case to this Court under 28 U.S.C. § 1441(a).

The complaint alleges that plaintiff elected to exercise an option to repurchase certain shares of its own stock held by defendant, a former employee, and that defendant has refused to transfer the shares to plaintiff. The complaint seeks among other things to remove the cloud thus created on the title to the stock. Defendant denies plaintiff's right to the stock and, by counterclaim, alleges that plaintiff by coercion, intimidation and false and misleading misrepresentations induced defendant to purchase the stock in question and to sign restrictions as to its sale. The counterclaim also alleges that plaintiff wrongfully and maliciously dismissed defendant from his position with plaintiff, and that plaintiff's purpose in doing so was to prevent defendant's pension rights from vesting, and to attempt to destroy defendant's ownership in plaintiff's shares which plaintiff claims to have purchased. Defendant prays, *inter alia*, for damages against plaintiff, compensatory and punitive, and a removal of the cloud on the title to the stock.

Plaintiff has moved for summary judgment for the relief prayed for in the complaint and for a dismissal of the counterclaim. The motion and defense to it comes before the Court upon the verified complaint, unverified answer and counterclaim, unverified answer to the counterclaim, depositions, answers to interrogatories, and requests for admissions.

■ While summary judgment is authorized by Rule 56, Fed.R.Civ.P., some kinds of cases may be less appropriate for summary relief than others. *See* Poller v. Columbia Broadcasting System, 368 U.S. 464, 472–473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Associated Hardware Supply Co. v. Big Wheel Distrib. Co., 355 F.2d 114, 121, 17 A.L.R.3d 998 (3d Cir.1965); Bozant v. Bank of New York, 156 F.2d 787, 790 (2d Cir.1946); 6 Moore's Federal Practice ¶ 56.15 [1.–0], [1.–00] (2d ed. 1966); Wright, Federal Courts 386–387 (1963). Whether a Court should act upon a summary judgment motion or require a trial rests in the sound discretion of the Court even though on the record the movant may have made out a case for summary judgment. 6 Moore's Federal Practice ¶ 56.-15[6], p. 2421 (2d ed. 1966). It has been said that "in the conduct of trials, as in other endeavors, it is quite often true that the longest way around is the shortest way through." Gray Tool Co. v. Humble Oil & Ref. Co., 186 F.2d 365 (5th Cir.1951), cert. denied, 341 U.S. 934, 71 S.Ct. 854, 95 L.Ed. 1363, reh. denied, 341 U.S. 956, 71 S.Ct. 1014, 95 L. Ed. 1377 (1951).

■ This appears to be particularly true in the instant case. The record contains voluminous evidence bearing upon defendant's claim that the options under which plaintiff purported to purchase defendant's stock were obtained from defendant by fraud consisting of a pattern of misrepresentations and coercive action by plaintiff. Some of the testimony of defendant is inconsistent. Other parts are based on inferences

drawn from statements and actions of defendant's superiors. The circumstances which led to the cessation of defendant's employment are far from clear. The factor of motive, if relevant, is difficult to ascertain from the present record. To put it mildly, the facts are complicated.

It has been said that "[s]ummary judgment is apt to be inappropriate in an action based on a complex scheme of fraud where the court is asked to decide the motion on lengthy affidavits and documents and voluminous depositions." 6 Moore's Federal Practice ¶ 56.17[27], p. 2554 (2d ed. 1966); *cf.* Associated Hardware Supply Co. v. Big Wheel Distrib. Co., *supra*, 355 F.2d at 121. Here such is the case.

For the foregoing reasons plaintiff's motion for summary judgment will be denied.