George E. CLUTE, et al.,

v.

The DAVENPORT COMPANY, et al.

Civ. No. H–83–817.

United States District Court,
D. Connecticut.

Aug. 4, 1987.

See also, 584 F.Supp. 1562.

William J. Kupinse, Jr., Goldstein & Peck, Bridgeport, Conn., Mark A. Harmon, Peter Sills, Gerald L. Sobol, Bondy & Schloss, New York City, for plaintiffs.

Charles Gersten, Eliot B. Gersten, Allan W. Koerner, Michael E. Grossman, Gersten & Gersten, Hartford, Conn., Howard Wood, III, Manchester, Conn., Michael C. Daly, William J. Tracy, Jr., Furey, Donovan & Heiman, Bristol, Conn., Joseph F. Skelley, Jr., Carl F. Yeich, Hartford, Conn., Joel M. Grafstein, Lublin, Lublin, Wolfe, Kantor & Silver, East Hartford, Conn., Frederick Krug, Waterbury, Conn., Warren B. Silberkleit, White Plains, N.Y., Louis B. Blumenfeld, Cooney, Scully & Dowling, Hartford, Conn., Barbara J. Sheedy, New Haven, Conn., for defendants.

Nathan Weissberg, pro se.

Ralph Adorno, pro se.

## INTERIM RULING

BLUMENFELD, Senior District Judge.

In the interest of efficient management of judicial business, the court exercises its discretion to defer ruling on plaintiffs' motion for summary judgment as to liability on their securities claim until after the statute of limitations issue is decided. *See Burnham Chem. Co. v. Borax Consol.,* 170 F.2d 569, 572–73 (9th Cir.1948) (district court procedure that reserved decision on summary judgment motion until resolution of statute of limitations issue was acceptable), *cert. denied,* 336 U.S. 924, 69 S.Ct. 655, 93 L.Ed. 1086 (1949); *United States v. United States Casualty Co.,* 180 F.Supp. 715, 717 (D.Del.1960) (court may in its discretion deny motion for summary judgment without prejudice on the ground that factual issues should be addressed first because the decision on those issues might make determination of certain legal issues unnecessary); 6 J. Moore, *Moore's Federal Practice* ¶ 56.15[6], at 56–613 (1987) (courts have reserved ruling on summary judgment motion until after trial of a separate issue). The statute of limitations issue

shall be separated from the other issues in this case for prompt disposition. *Cf.* Fed. R.Civ.P. 42(b) (bifurcation of trials); Local Rule 10(b) (bifurcation of issues). To expedite the resolution of that issue, a status conference has been scheduled for August 17, 1987, at 10:00 a.m., wherein a scheduling order will be discussed.

SO ORDERED.